*H. W. Chase* and *J. A. Wilstach,* for the appellee.

---

## SOWLE *v.* HOLDRIDGE.

*A.* purchased a tract of land for $400, and received a bond for a deed. Before he had made payment of the purchase money, he assigned the bond to *B,* who paid the purchase money, and received a deed. Afterward, a controversy having arisen, as to whether the assignment of the bond was absolute, or in trust, *A.* and *B* entered into a written agreement, *October* 19, 1858, by which *B.* agreed to convey the land to *A.* for the price of $900; which was to be paid, in part, at the time of making the deed, and the residue in three yearly installments, to be secured by a mortgage on the premises. This agreement was to be executed, *November* 3, 1858, by the delivery of a deed, on the one hand, and the mortgage and notes, together with the cash payment, on the other. In 1859, *B.* instituted a suit to recover the possession of the land, averring a tender of the deed.

*Held,* that under the general denial, every legal and equitable defense, going to the merits of the case, could be given in evidence.

*Held,* also, that after pleading the general denial, the defendant can not plead in abatement; and when a cause is on trial on the merits, matter in abatement is inadmissible in evidence.

*Held,* also, that as the agreement of *October* 19 was fairly executed, upon a compromise of the former controversy, the parties were estopped to go behind it, and reopen that controversy.

*Held,* also, that as *A.* failed to show any offer or effort, on his part, to comply with the agreement mentioned, he established no legal or equitable defense to the action.

APPEAL from the *S cuben* Circuit Court.

PERKINS, J.—In 1844, *Dud'ey Holdridge* purchased of *Sumner* and *Clark,* a parcel of ground. He agreed to pay for it, in installments, $400; and was to receive a deed when

full payment was made. A title bond evidenced the agreement. *Holdridge* found himself unable to pay the latter installments of purchase money, and he assigned his title bond to *Francis Sowle*, who made the payments, and received a deed for the land from *Sumner* and *Clark*. The assignment of the bond was absolute, and not accompanied by any trust, unless one was created by parol. A controversy afterward arose between *Sowle* and *Holdridge*, as to the relation between them, touching this land; *Holdridge* contending that *Sowle* was holding it as a trustee for him; *Sowle* denying the trust relation. They subsequently entered into an agreement, as follows:

Nov. Term, 1861.

SOWLE
v.
HOLDRIDGE.

"Agreement made this 19th of *October*, 1858, between *Francis Sowle* and *Dudley Holdridge*, as follows, viz., *Sowle* agrees to convey the southeast quarter of section 28, township 37 north, range 14 east, in *Steuben* county, *Indiana*, (the land conveyed to *Sowle* under the title bond mentioned,) to *Dudley Holdridge*, for the consideration of $900, making a good and sufficient deed therefor; and said *Holdridge* agrees to pay therefor the sum of $900, as follows, viz., said *Holdridge* is to obtain and pay down to *Sowle*, the amount tendered and paid into Court, in the case of *Sowle* v. *Holdridge*, now pending in the *St. Joseph* Circuit Court, *Indiana*, and the balance in payments: one third one year from this date; one third two years from this date; the balance three years from this date, with use, and waiving valuation laws of *Indiana*; and to execute a mortgage on the west half of said quarter section, to secure the payment of the same, and the performance of the stipulations herein. And it is agreed that the parties shall pay their witness fees, respectively; and the balance of the costs accrued, each to pay one half, in the suit aforesaid. *Holdridge* is to pay tax of 1858, on the land. The performance of the above stipulations, respectively, to be done on the 3d of *November* next; and for the performance, the parties bind themselves in the sum of $1,000.

"Witness our hands and seals the day and year first above written.

"FRANCIS SOWLE. [SEAL.]
"DUDLEY HOLDRIDGE. [SEAL.]"

Nov. Term,
1861.

SOWLE
v.
HOLDRIDGE.

In 1859, *Sow'e* commenced this suit, for the recovery of the possession of the land in question. *Holdridge* answered, by way of general denial; under which answer every legal and equitable defense, going to the merits of the case, could be given in evidence. Acts of 1855, p. 57. After putting in the general denial, he could not answer in abatement. 14 Ind. 89; 1 Tidd. 637–639. He did not, by way of counter claim, as authorized by the code, (2 R. S., p. 349) seek a specific performance of the contract above set out, showing, in such answer, performance of the conditions, or an offer to perform, on his part.

On the trial, the plaintiff, *Sowle*, proved the legal title to be in himself; proved that the agreement copied into this opinion was executed by the parties, upon a compromise and settle-ment of their differences in the premises, and that he had tendered a deed, pursuant to its terms. The defendant, *Holdridge*, did not attempt to disprove the agreement, nor that it was executed upon a compromise; nor did he pretend that there was any fraud connected with its execution; nor that he had attempted, or intended to attempt, to comply with its terms, on his part.

As the agreement was fairly entered into, upon a compromise, the parties were estopped to go behind it and reopen the original controversy; and as the case was on trial upon the merits, matter in abatement was inadmissible as evidence for the consideration of the Court or jury. And as the defendant, *Holdridge*, failed to show, or then to make, any effort or offer to comply with the agreement mentioned, he established no legal or equitable defense to the action.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for further proceedings, with leave to amend, &c.

*J. B. Howe*, for the appellant.

*D. E. Palmer*, for the appellee.