### REED *v.* ARMSTRONG.

A tender, followed by bringing the money into Court, is regarded as a payment at the time, and the person pleading it can not withdraw the money so deposited, whether the verdict be for the same, or a greater amount than the sum tendered, but the same must be paid to the plaintiff.

APPEAL from the *Fayette* Common Pleas.

HANNA, J.—Suit to recover the value of one "pen full of corn." Answer, a tender and the statute of frauds. Reply, denial: Demurrer to the reply. The reply was good as to the paragraph of the answer averring a tender, and as to the other, in the particular form in which the answer was pleaded, it was also good.

Trial by jury, verdict and judgment for the plaintiff.

It is insisted that the evidence does not sustain the verdict, and that the Court erred in instructions given and refused.

The plaintiff and defendant were each sworn, and differed in their statements as to whether the defendant was confined, by the terms of the contract, to take a certain pen of corn at a fixed price, or none; or whether he had the privilege of taking the same or 200 bushels thereof at an agreed price. The person called to witness the contract agreed with the plaintiff. This made such a case as forbids our disturbing the verdict on that point.

We see no error in the instructions given; that refused is substantially embodied in those given. The record appears to show a case for the plaintiff, so far, that no error is presented that should reverse the judgment.

The verdict specially found that there was no tender proved. Afterwards the defendant moved the Court to permit him to withdraw the sum deposited with such paragraph of the answer, which was overruled. Was the ruling correct? We think it was, if our statute, permitting a stay of execution,

does not change the rule on that subject. 1 Tidd's Practice, 622 and notes. That a change is not thereby effected, we regard as manifest, when we recollect that a tender followed by bringing the money into Court is treated as a payment at the time. If the tender is sustained by proof, and thus made good, the plaintiff does not recover unless he can show the sum so tendered was insufficient. So if the money is accepted, taken out of Court by the plaintiff before verdict, and the pleading so shaped as to continue litigation for a balance still supposed to be due, the judgment should only be for the amount found due over and above that so taken out of Court. If it is not accepted nor taken out of Court, but a greater sum found due, still the defendant can not retain it, but it must remain as a payment on said sum so found due.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*John S. Reid,* for the appellant.

*Nelson Trusler,* for the appellee.