*A. Ellison*, for the appellant.

---

### SOWLE *v.* HOLDRIDGE.

CONTRACT—TENDER.—Action to recover possession of land. Defense, that the assignment of a title-bond, under which the plaintiff had acquired title, was not intended to be absolute, but a mere security for the payment of certain sums of money, and, in connection with this defence, a tender of the alleged sum due was made to the plaintiff and continued by bringing the sum into court and depositing it with the clerk. There was judgment for the defendant in the action. A new trial was taken under the statute. The cause was then compromised and dismissed, the plaintiff agreeing to convey to the defendant a described parcel of land, for a specified consideration, and the defendant agreeing to pay that consideration, that is, "to obtain and pay down to the plaintiff the amount tendered and paid into court in the case now pending," and the balance in specified installments, and to execute a mortgage on specified lands to secure the deferred installments. The suit was dismissed. The plaintiff then made and tendered to the defendant a deed for the land, but the defendant failed to make the payments as agreed. The plaintiff then sued him on said contract. In the meantime, the clerk, in whose hands the tendered sum of money

had been deposited, ceased to be clerk, and converted said money to his own use, and refused to pay the same to the defendant. The defendant, therefore, in the action on said adjustment contract, being unable to obtain said money from the clerk, claimed that he had a right to repudiate said contract and resort to his original defence.

*Held,* 1. That the compromise-agreement was valid, and could not be repudiated by the defendant, and must determine the rights of the parties herein.

2. That said sum of money, so tendered and deposited by the defendant, became at once, and has ever since continued to be, the property of the plaintiff, and at his risk.

3. That the defendant's agreement to obtain and pay over to the plaintiff said sum so in the hands of the clerk, was, in legal effect, an agreement to go, as the servant of the plaintiff, and bring to him said sum, and, having no power to enforce its payment by the clerk, he was released from the further performance of that agreement.

4. That, in legal effect, the defendant, under said agreement, is now only required to pay to the plaintiff said deferred installments, with interest, and the plaintiff then to execute to him a deed for said land.

APPEAL from the *Steuben* Circuit Court.

PERKINS, J.—Action by the appellant against the appellee to recover possession of certain land.

Verdict and judgment for the defendant.

The facts involved in the case are substantially as follow: On the 16th of *February,* 1844, the defendant, *Holdridge,* purchased the land in controversy of *Sumner* and *Clark,* who then owned it, at the price of 480 dollars, a part of which seems to have been paid down; the residue, 400 dollars, was to be paid in four equal annual payments. *Sumner* and *Clark* executed to *Holdridge* a title-bond, conditioned for the conveyance of the land upon the payment of the purchase-money. On the 28th of *March,* 1849, *Holdridge* assigned the

title-bond to the plaintiff, *Sowle,* in these words, viz: " I hereby assign my right and title to the within-described lands and the crops, for the consideration of 500 dollars, to *Francis Sowle.*                                          DUDLEY HOLDRIDGE."

*Sowle* afterwards paid up the residue of the purchase-money, and received from *Sumner* and *Clark* a conveyance of the land.

In 1855, *Sowle* brought an action in the *Steuben* Circuit Court against *Holdridge* to recover possession of the land; and *Holdridge* set up, as a defence to the action, that the assignment of the title-bond was not intended to be absolute, but only to secure *Sowle* for what he might pay to the vendors of the land, with the interest thereon, to be repaid to him by *Holdridge,* within a reasonable time; and that, upon such repayment, *Sowle* was to relinquish his claim to the land; that he had offered to pay *Sowle* the full amount which he had advanced with the interest thereon, viz., the sum of 475 dollars, which he then brought into court to be paid to *Sowle.* In this defence *Holdridge* succeeded.

It was adjudged by the Court " that the said defendant is the owner of all the equitable and beneficial title and interest in and to said land; that the said *Sowle* holds the legal title to said land only in trust for the said defendant. It was further directed that said *Sowle* execute to said defendant a quit-claim deed for said land within thirty days, and that said *Holdridge* hold said land free and discharged from all title or claim of said *Sowle* thereto, by reason of said deed from *Sumner* and *Clark* to him, and that said *Sowle* receive the said sum of 475 dollars from the Clerk of this Court, now on deposit in said Clerk's office, for said *Sowle.*"

This judgment was afterwards set aside, and a new trial granted, under the provisions of the statute authorizing new trials without cause in such cases.

Upon the granting of the new trial, the cause was taken, on application for a change of venue, to the *St. Joseph* Circuit Court. In the latter court the cause was dismissed, the parties entering into the following agreement in relation to the controversy, viz:

"Agreement made this 19th day of *October,* 1858, between *Francis Sowle* and *Dudley Holdridge,* as follows, to wit: *Sowle* agrees to convey the S. E. quarter, sec. 28, T'p 37, N. R. 14, E., in *Steuben* county, *Indiana,* (the land in controversy,) to *Dudley Holdridge,* for the consideration of 900 dollars, making a good and sufficient deed therefor; and the said *Holdridge* agrees to pay therefor the sum of 900 dollars, as follows, to wit: Said *Holdridge* is to obtain and pay down to *Sowle* the amount tendered and paid into court in the case of *Sowle* against *Holdridge,* now pending in the *St. Joseph* Circuit Court, *Indiana,* and the balance in payments—one-third in one year from this date, one-third in two years from this date, and the balance in three years from this date, with use, and waiving valuation laws of *Indiana,* and execute a mortgage on the west half of said quarter for the payment of the same, and the performance of these stipulations. And it is agreed that the parties shall pay their witnesses respectively, and the balance of the costs obtained, each to pay one-half in the suit aforesaid; and *Holdridge* is to pay tax of 1858 on the land. The performance of the above stipulations respectively to be done on the third of *November* next; and for this performance the parties bind themselves in the sum of 1000 dollars. Witness our hands and seals the day and year above written.                "FRANCIS SOWLE,        [SEAL.]
                "DUDLEY HOLDRIDGE, [SEAL.]"

Before the bringing of this suit, *Sowle* executed a deed for the land, and tendered it to *Holdridge,* who failed to make the specified payment or fulfill the contract on his part.

Sowle *v.* Holdridge.

It is evident that the plaintiff should have recovered, (if the above-recited contract is binding,) unless the defendant put himself in a position to enforce specific performance of the contract. The contract above set out was a settlement of the matters previously in controversy between the parties, and by that alone their rights must be determined. *Sowle* v. *Holdridge,* 17 Ind. 236.

But it is said that the contract was made under a misapprehension of facts, in this, that *Holdridge* supposed that the money tendered by him, and brought into the *Steuben* Circuit Court, and deposited with the Clerk of that Court, was still there, and would be forthcoming when he wanted it; but the Clerk, with whom it was deposited, is out of office, and fails, through inability or other cause, to produce and pay over the deposit. The probability is, that he has spent the money, and is wholly unable to replace it. At any rate, *Holdridge* has been unable to procure it from him; and being thus unable to procure it, he claims the right of repudiating the contract and falling back on his original defence to the action.

The ground on which the counsel for the appellee places the case is, that if, through the insolvency of the Clerk, the money thus deposited with him is lost, the loss must fall on *Sowle,* and not on *Holdridge.* He insists that, inasmuch as the judgment of the Court, before adverted to, gave it to *Sowle,* it thereby became his, and its loss should of course be his.

That might be so, if the Clerk had the deposit at the time the judgment was rendered, and if the judgment had been a finality. But that judgment was set aside, and a new trial granted; and when thus set aside, things stood, at least so far as the title to the money is concerned, as if no trial had been had. The loss or squandering of the money by the Clerk, with whom it was deposited, does not, in our opinion,

avoid the contract, nor does it release *Holdridge* from his obligation to comply with it.

The mistake under which the contract was entered into, if there was a mistake, was one of law, not of fact, so far as it affected *Holdridge,* and mistake of law is not a legal or equitable ground for the avoidance of a contract where there is no trust, fraud, or mistake of fact. *Russell* v. *Branham,* 8 Blackf. 277; Adams' Eq. side p. 190.

As the rights of the parties are to be determined, then, upon the showing in the record before us, by the contract of *October* 19, 1858, we must turn to the construction of that contract, considered in the light of surrounding circumstances.

Prior to that contract, *Sowle* had sued *Holdridge,* claiming that the latter was in default as to the payment of money. In that suit, *Holdridge* paid the amount due from him to *Sowle,* into Court. It was a case in which the right to pay the money due, and thus preserve his property and bar suit against him, was still continuing in *Holdridge.* The payment of money into Court, therefore, by *Holdridge,* was a payment of the amount to *Sowle.* The money became, at once, his, and at his risk. He could, at any time, take it out of Court, but *Holdridge* could not. His power over it ceased. *Murry* v. *Bethune,* 1 Wend. 191, is in point. So, also, 3 Black. Comm., Shars. Ed., p. 304, note 22; 1 Tidd Pr. p. 619, *et seq.,* and notes, 1 Phil. Ev., by *Cowen, Hill* and *Edwards,* p. 787, *et seq.,* and notes; *Reed* v. *Armstrong,* 18 Ind. 446. When the contract of 19th *October,* 1858, was made, then, providing that *Holdridge* should pay *Sowle* 900 dollars, of which sum, the 475 dollars already paid into Court, was to form a part, as that had already been paid, the contract, in legal effect was, that *Holdridge* should pay *Sowle,* the further sum of 425 dollars. If the contract be taken liberally, that *Holdridge,* in addition to paying the further sum of 425 dollars, was also to go as the servant of *Sowle,* and bring to him the 475 dollars of his

own money, supposed to be then lying on deposit in the Clerk's office; still *Holdridge* was excused from performance of that because of his want of power to execute performance, at all events, without a power of attorney from *Sowle*, which it does not appear that he was furnished with.

On the record before us the rights of the parties to this suit stand thus: *Holdridge* must pay to *Sowle* 425 dollars with the interest from the time it was due, and, on so doing *Sowle* must execute to him a deed for the land.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for further trial.

*Palmer & Woodhull*, for the appellant.

*A. Ellison*, for the appellee.