*C. F. McNutt, A. Ennis* and *O. B. Hord*, for appellee.

---

## Sowle v. Holdridge.

25   119
156   687

TENDER—PAYMENT INTO COURT.—A sued B to recover the possession of real estate. Answer, that the deed under which A claimed was executed by B as a mortgage only, and that there was due on the debt secured thereby the sum of $475, which was brought into court and paid to the clerk. Subsequently the matters in controversy were compromised; and a written agreement executed by the parties, by which A engaged to convey the land in controversy to B for the consideration of $900, which B agreed to pay. The agreement provided that B "should obtain and pay down the amount tendered and paid into court." The money deposited with the clerk was lost.

*Held*, that this was not a case where money could properly be brought into court, as the answer was not a confession of any part of the plaintiff's demand, and the tender could not have been accepted by the plaintiff without abandoning his whole cause of action.

*Held,* also, that the payment of the money to the clerk was simply a deposit made with an individual, for the purpose of having a tender made, which might avail to stop interest and defeat a recovery for costs in an action on the mortgage but could not operate as a payment to A, and was not at his risk.

*Held,* also, that by the contract B expressly undertook to procure and pay to A, as part of the consideration of the land, the money in the hands of the clerk, and his failure to procure it did not relieve him from his obligation to pay the full consideration agreed upon for the land.

APPEAL from the *Steuben* Circuit Court.

RAY, J.—The appellee purchased certain real estate from third parties in the year 1844, and received a title-bond, which, by its terms, required a conveyance to be executed upon the full payment of the purchase money. Partial payment was subsequently made, and an assignment of the title-bond was afterward executed to the appellant, who made full payment of the balance of the purchase money and received a deed for the land. *Holdridge* remained in possession of the land. *Sowle* brought his action for possession.

*Holdridge* answered, averring that he had assigned the title-bond as security for the repayment to *Sowle* of money advanced by him to secure a conveyance of the land, and that such conveyance was executed to and received by said *Sowle* as security for such sum. A deposit of $475 in gold accompanied the answer, which was alleged to be the amount, with interest, paid by *Holdridge* upon receiving the conveyance. Upon the trial this defense was successful. Within the year, a new trial was granted by the court, and a change of venue ordered to *St. Joseph* county, where a verdict was again had for the defendant in the action. This finding was set aside by the Circuit Court of that county. At the succeeding term of the court the following contract was executed by the parties:

"Agreement made this 19th day of *October*, 1858, between *Francis Sowle* and *Dudley Holdridge* as follows, to-wit: *Sowle* agrees to convey the southeast quarter of section 28, township 37 north, range 14 east, in *Steuben* county,

*Indiana,* (the land in controversy,) to *Dudley Holdridge,* for the consideration of $900, making a good and sufficient deed therefor; and the said *Holdridge* agrees to pay therefor the sum of $900, as follows, to-wit: said *Holdridge* is to obtain and pay down to *Sowle* the amount tendered and paid into court in the case of *Sowle* against *Holdridge,* now pending in the *St. Joseph* Circuit Court, *Indiana,* and the balance in payments, viz: one-third in one year from this date, one-third in two years from this date, and the balance in three years from this date, with use, and waiving valuation laws of *Indiana,* and execute a mortgage on the west half of said quarter for the payment of the same and the performance of these stipulations. And it is agreed that the parties shall pay their witnesses respectively, and of the balance of the costs obtained each shall pay one-half, in the suit aforesaid, and *Holdridge* is to pay the tax of 1858 on the land. The performance of the above stipulations respectively to be done on the third of *November* next, and for the performance the parties bind themselves in the sum of $1,000.

Witness our hands and seals the day and year above written.

FRANCIS SOWLE,        [SEAL.]

DUDLEY HOLDRIDGE," [SEAL.]

The suit was thereupon dismissed.

In the year 1859, *Sowle* again commenced an action for possession of the real estate. The agreement was relied upon in defense, and it was averred that the sum deposited by the defendant in the former action, with the clerk of the *Steuben* Circuit Court, had been lost, and the defendant was therefore unable to obtain the same and deliver it to the plaintiff, in accordance with the agreement. It was also insisted that the loss should fall upon the plaintiff. No offer was made to pay the balance of the sum mentioned in the contract. The trial again resulted in favor of the defendant, and judgment was rendered upon the verdict. That judgment was subsequently reversed by this court. *Sowle* v. *Holdridge,* 17 Ind. 236. The cause was

remanded, and again the result in the Circuit Court was favorable to the defendant. This court reversed that judgment, (20 Ind. 204,) and the suit was then dismissed by plaintiff. In *October*, 1863, the present action was commenced for possession of the real estate, under claim of absolute title. The 4th paragraph of the answer recited the former suits; the deposit of the gold with the clerk; the agreement subsequently entered into between the parties; the loss of the sum deposited with the clerk, and averred that the balance of the money due by the terms of the agreement, to-wit: the sum of $525, was then on deposit in the hands of the clerk of the court.

The court overruled a demurrer to this paragraph. The third paragraph of the answer contained the same averments, except as to the deposit of the balance of the sum over and above the $475 due upon the written agreement, and admitted the right of the plaintiff in the suit to recover a judgment for that sum, to be collected out of the land in controversy. A demurrer filed to this answer was overruled. The second paragraph alleged a recovery by the defendant in a former action, but contained no copy of the proceedings, and did not aver that the judgment was still in force and unreversed. A demurrer was overruled to this paragraph of the answer. The demurrer should have been sustained. The paragraph constituted no defense to the action.

The issues presented by the 3d and 4th paragraphs of the answer require us to determine upon which party the loss of the sum deposited with the clerk of the court, during the pendency of a former action between the same parties, falls, by the stipulations of the written agreement set out in the answer. This question was passed upon by the late judges of this court, and resulted in the reversal of the judgment, and the subsequent dismissal of the suit. It is submitted to us for consideration by an agreement of the parties entered of record. It was held, in *Sowle* v. *Holdridge*, 20 Ind. 204, that "it was a case in which the right to pay

the money due, and thus preserve his property, and bar the suit against him, was still continuing in *Holdridge*. The payment of the money into court, therefore, by *Holdridge* was a payment of the amount to *Sowle*. The money became at once his, and at his risk. He could at any time take it out of court, but *Holdridge* could not. His power over it ceased. *Murray* v. *Bethune*, 1 Wend. 191, is in point. So, also, 3 Blk. Com. Shars. edition, p. 304, note 22; 1 Tidd Prac. p. 619, *et seq.* and notes; 1 Phil. Ev., by Cowen, Hill &.Edwards, p. 787, *et seq.* and notes; *Reed* v. *Armstrong*, 18 Ind. 446."

The case cited in 1 Wend. 191, was an action in assumpsit, to recover of the defendant a contributory share of an advance alleged to have been made. The answer admitted a part of the amount claimed, and tendered that sum. The court say, "it was a payment *pro tanto*. The plaintiff had a right to take it out of court and the defendant had not." Blackstone says, in speaking of pleas in *confession* of the complaint, "But frequently the defendant *confesses one part* of the complaint, and traverses or denies the rest, in order to avoid the expense of carrying that part to a formal trial which he has no ground to litigate. A species of this sort of confession is the payment of money into court, which is for the most part necessary upon pleading a tender, and is itself a kind of tender to the plaintiff, by paying into the hands of the proper officer of the court as much as the defendant acknowledges to be due. *   *   *   * If after the money is paid in the plaintiff proceeds in his suit, it is at his own peril, for if he does not prove more due than is paid into court, he shall be nonsuited and pay the defendant costs, but he shall still have the money so paid in, for that the defendant has acknowledged to be his due."

In Phil. on Ev., Cowen & Hill's notes, vol. 5, p. 132, it is said, "A plea of tender admits the defendant's liability as to the whole or part of the amount claimed by the plaintiff." In the note it is said, "The acceptance of the sum tendered does not preclude the plaintiff from suing for

more." Lord ELLENBOROUGH uses this language in *Spybey* v. *Hide*, 1 Camp. R. 181: "The plaintiff might have said, 'I take so much, and I will bring my action for the residue.' In this way the plaintiff could not have been considered as abandoning any part of his rights." In 1 Tidd's Prac., 619, the rule is stated, that "in those cases where the dispute is not whether anything, but how much, is due to the plaintiff, the defendant may have leave to bring into court any sum of money he thinks fit." And again, p. 624, "bringing money into court is in general considered as an acknowledgment of the right of action to the amount of the sum brought in, and which the plaintiff therefore, on producing an office copy of the rule, is entitled to receive at all events, whether he proceed in the action or not, and even though he be nonsuited, or have a verdict against him."

The case cited of *Reed* v. *Armstrong*, *supra*, held that "a tender, followed by bringing the money into court, is regarded as a payment at the time, and the person pleading it cannot withdraw the money so deposited, whether the verdict be for the same or a greater amount than the sum tendered, but the same must be paid to the plaintiff." The suit was brought for the value of one pen full of corn. Answer, a tender.

In the case at bar, an action was brought by the person who held the legal title to the real estate described in his complaint, and claimed to be the owner of the same, and demanded possession. The defendant answered that the deed held by the plaintiff was in equity a mortgage, to secure the payment of advances made by the plaintiff in discharge of the balance of the purchase money due upon the land, and he offered to refund the sums so advanced, with interest, and deposited the amount in court and demanded a conveyance to himself. Is this plea to be treated as a confession of the cause of action, and are we to hold that the money deposited belonged to the plaintiff, and that he might withdraw the same and still proceed with his suit, and, if he recovered judgment receive possession of the

land as the absolute owner, and yet receive also the money deposited by the defendant, under a plea that the title of the plaintiff was simply a mortgage and the money deposited discharged the same and extinguished that title?

An acceptance of the deposit by the plaintiff would have been properly treated as an admission of the truth of the averment in the plea that the title of the plaintiff was that of a mortgagee, and such acceptance would have defeated his action for possession as the owner in fee of the land. Clearly it was not a case where money could properly be brought into court, for the plea was good in itself, and was in no way aided, as a defense, by the deposit of the money. If the plaintiff held no higher title to the land than that of a mortgagee, he could not recover in the suit he had brought. He must fail, and the costs of the action would fall upon him. The deposit of the money with the clerk was simply a deposit made with an individual, for the purpose of having a tender of the same made to one who held a mortgage debt due, and it could only avail to avoid interest after the tender was actually made and kept good, and cast the plaintiff in the costs of any subsequent suit he might bring to enforce the mortgage. It was held in *Mazych* v. *McEwen*, 2 Bailey 28, "that upon payment of money into court the clerk takes it as the private agent of the party paying, except in two cases, viz: upon tender pleaded, and where the party has obtained leave of the court so to do." That leave can only be granted in a proper case, and we have seen that under the pleadings in this case no tender could be made, and that the deposit could have no force as a defense. It was ruled in *Dent* v. *Dunn, Executrix, &c.*, 3 Camp. 296, where "the maker of a promissory note pays money into the hands of an agent to retire it, and the agent tenders the money to the holder of the note on condition of having it delivered up, the note being mislaid, and this condition is not complied with, and the agent afterward becomes bankrupt with the money in his hands, that the maker was still responsible on the note." We hold, as matter of law, that

the deposit of the money under the state of the pleadings was not a payment to the plaintiff, nor was such deposit at his risk.

But the contract, in our opinion, expressly declares the liability of the appellee in this suit for the payment of the money so deposited with the clerk. *Sowle* agrees to make a deed; "*Holdridge* agrees to pay therefor the sum of $900 as follows, viz: said *Holdridge* is to obtain and pay down to *Sowle* the amount tendered and paid into court, in the case of *Sowle* v. *Holdridge,* now pending in the *St. Joseph* Circuit Court, *Indiana,* and the balance in payments, viz: one-third one year from this date," &c. *Holdridge* undertook to pay $900. As part of that sum he agreed to procure from the clerk the $475 in gold deposited by him in the action then pending. His failure to procure that deposit certainly did not absolve him from the liability to pay the entire amount he agreed to give upon receiving the deed. The second and third paragraphs of his answer to the action for possession are therefore both defective, as they attempt to defeat the suit by pleading a contract, without averring performance or an offer to perform on his part. Both paragraphs were therefore defective, and the demurrers should have been sustained.

It is insisted by the appellee that the assignment of errors is not in form, and does not call the attention of the court to the particular errors the appellant alleges are manifest in the record. We cannot consider this objection in the case before us. The record contains the following statement: "It is stipulated by the said *Sowle,* of record, that in this case but three questions are to be submitted for the opinion of the Supreme Court. *   *   *   * 3d. What is the proper construction of said contract of 19th of *October,* 1859. And said *Holdridge* agrees that these questions may be decided, though this record may be in some respects defective."

This agreement directs our attention to the ruling of the court below, in giving construction to the contract, and we must regard it as a waiver of any other assignment of er-

rors, as no other errors could be insisted upon. Under the agreement of the parties we have therefore regarded it as sufficient. The appellee expressly "agrees that these questions may be decided," and whatever reason he gives for his agreement cannot change its express terms, nor can we make that agreement conditional by adding the words, "if these errors be properly assigned in the record." The decision of the first two questions has been waived in the argument, and we have therefore not considered them.

The judgment is reversed, at the costs of the appellee, and the cause remanded, with directions to the court below to sustain the demurrer to the 2d, 3d and 4th paragraphs of the appellee's answer.

*D. E. Palmer*, for appellant.

*A. Ellison*, for appellee.