Munk *v.* Kanzler.

---

## MUNK *v.* KANZLER.

[No. 3,198. Filed Nov. 16, 1900. Rehearing denied Jan. 16, 1901.]

CONTRACTS.—*Arbitration.* — *Condition Precedent.*— *Action on Contract.*—It is only when a contract which provides for submitting differences between parties to arbitration also provides that no action shall be maintained upon the contract until after an award by the arbitrators, or when such an agreement is necessarily implied

from its terms that the award becomes a condition precedent to the right of action on such contract; otherwise a breach of the agreement to submit the amount of claims under the contract to arbitration may support a separate action, but it cannot be pleaded in bar to an action on the principal contract.   *p. 110.*

CONTRACTS.—*Repudiation.—Excusing Performance.*—A declaration by the owner that he would pay no more than a specified sum for extra work on his house was equivalent to a declaration that he would not abide by the amount fixed by the architect if it exceeded that sum, and excused the contractor from a strict compliance with a condition in the building contract calling for arbitration of differences by the architect.   *p. 110.*

SAME.—*Performing Condition After Suit.*—Where the owner of a house, after declaring that he would not pay more than a certain sum to the contractor who built it, and after the contractor had sued him to recover the balance due, procured the architects to estimate the amount of such balance as provided by the building contract, their estimate did not affect the contractor's right to recover in his pending suit.   *pp. 110-112*

SAME.—*Appraisement by Architects.—Condition Precedent.*—The provision in a building contract that "in case the owners and the contractor cannot agree upon the value of any change made or to be made the same shall be appraised by  *  *  *  the architects" does not make such appraisement a condition precedent to the bringing of an action for the cost of making changes.   *pp. 110, 111.*

SAME.—*Certificate of Architect.—Defense.*—A provision in a building contract for the payment of certain portions of the price as the work shall progress upon certificates from the architects that certain parts of the work are completed does not make the failure of the architect to issue a proper certificate a bar to an action by the contractor to recover the balance due him for extra work after the house has been fully completed.   *pp. 110-112.*

TENDER.—*Taking Money Out of Court.* — Where an unconditional tender of money acknowledged to be due is made and refused, and the money is paid into court to keep the tender good, the defendant's power over it ceases, and the money becomes the property of the plaintiff and may be taken out by him without affecting his right to recover an additional sum due him.   *p. 113.*

From the Vanderburgh Superior Court.   *Affirmed.*

*J. E. Williamson,* for appellant.

*J. T. Walker* and *P. W. Frey,* for appellee.

COMSTOCK, J.—This action was to enforce a mechanic's lien for a balance due for work performed and material

Munk *v.* Kanzler.

furnished in the construction of a certain building on the real estate described in the complaint. The complaint contained two paragraphs. It appears from the special findings of the court that judgment was rendered upon the second, which was based upon a written contract made a part of the complaint. No further reference, therefore, need be made to the first.

Appellant filed his amended answer to this paragraph, in which he sets up the following provision contained in the contract, to wit: "In consideration whereof the said party of the first part agrees to pay to the party of the second part, his heirs, administrators or assigns the sum of $6,850, which said sum is to be paid in instalments as the work progresses upon certificate of the said Mursinna & Metzner, which shall be given for seventy-five per cent. of the cost of the work done at the time of issuing the same, and the same shall be issued as the work progresses as follows, to wit: (1) When the foundation shall have been completed; (2) when the first story of said building is completed; (3) when the second story of said building is completed; (4) when the third story of said building is completed; (5) when the roof shall be on said building; (6) when said building shall be in all things completed, and the remaining twenty-five per cent. due to be paid at the acceptance of said building." This paragraph also set up the following provision of the contract: "Should the owners at any time during the erection of the building desire to make any alterations, additions, or omissions from the original contract, they shall have a perfect right to do so, and the same shall not in any way affect or make void the contract, but shall be added to or deducted from the amount of the contract as the case may be. In case the owners and contractors cannot agree upon the value of any changes made or to be made, the same shall be appraised by Mursinna & Metzner, the architects." It is further averred that the cause of action is for work done and ma-

terial furnished by virtue of the last provision of the con-
tract and was entirely for extra work done and material
furnished and was in addition to the original contract; that
after the work was done and material furnished, a dispute
arose between the parties as to the value of this extra work,
and that appellant served notice on appellee that he would
request Mursinna & Metzner to appraise the extra work,
material, etc., under the provision of the contract; that in
pursuance of said request, the architects appraised the extra
work, etc., at $1,217.78½, which sum appellant tendered to
appellee; that appellee refused to accept the amount so ten-
dered, and that thereupon appellant deposited the sum with
the clerk of the court for the benefit of appellee as a com-
plete performance upon his part of the contract, and that
thereafter appellee accepted and still retains the same.
The answer further sets up that at no time prior to the
bringing of the suit did appellee obtain or request a certifi-
cate of the architects according to the provision of the
contract.

The second paragraph of the answer sets up the same
provision of the contract that refers to alterations, additions,
etc., and the mode of ascertaining the value thereof by the
architects; that all the work, etc., was performed under this
contract, and that appellee arbitrarily fixed unreasonable
prices for the extra work, etc., and that it was impossible for
the parties to agree, and therefore, disagreeing, appellant
requested the architects to ascertain the value; that the
architects, upon such request, gave notice to appellant fixing
the time and place for him to appear and submit such argu-
ment and evidence as he saw proper; that thereupon appel-
lee appeared before the architects, submitted his evidence
and argument, and thereafter the said architects fixed the
value at $1,217.78½, and gave both parties notice thereof;
that the said sum was tendered, the tender refused, the
money deposited in court for appellee's benefit; that the
sum was subsequently accepted by him, which sum he still

retains. That no certificate for the amount sued for, or any part thereof, was made or requested. The third paragraph is a general denial. The fourth paragraph of answer addressed to the second paragraph of the complaint pleads certain omissions and changes in the construction of the building, amounting to $331.95, which is pleaded as a counterclaim filed with particulars of items.

The reply is in three paragraphs; the first is a general denial; the second pleads a waiver of appellant's right to a certificate by the architects, as a condition precedent to the bringing of the action. The fact constituting the waiver is an alleged agreement between the parties to settle their difference without referring the same to the architects. The third paragraph sets up that a large portion of the services rendered by the appellee was not considered by the architects in making up the final account between the parties, and that the architects refused to make the estimate based upon the services actually rendered under the contract by appellee.

Upon the request of the parties, the court made a special finding of facts, stated its conclusions of law thereon, and rendered judgment thereon in favor of appellee for $236.64. The errors assigned are: (1) That the court erred in its conclusions of law on the findings and each of them; (2) the court erred in rendering judgment for appellee upon the findings.

It is urged upon behalf of the appellant (1) that "the contract requiring the architects to ascertain and fix by certificate or otherwise the amount of each payment is a condition precedent to appellee's right to sue. (2) Whether appellant had the legal right to compel appellee to submit the questions to the architects, or not, he did so. He was heard by them as fully as desired, accepted the amount found by them, and is thereby estopped: (3) Independently of all these questions, appellee accepted the conditional tender made by appellant in full settlement of his demand."

As to the first proposition, we think it sufficient to say that while the decisions of the courts are not in harmony, yet from the weight of them the rule may fairly be deduced that if the contract provides that no action shall be maintained upon it until after an award by arbitrators, then the award becomes a condition precedent to the right of action. When no such condition is expressed in the contract, or can not be necessarily implied from its terms, the provision for submitting the amount to arbitration is collateral and independent; that while a breach of such conditions will support a separate action, it can not be pleaded in bar to an action on the principal contract. *Supreme Council, etc.,* v. *Forsinger,* 125 Ind. 52, 9 L. R. A. 501, 21 Am. St. 196; *Manchester Fire, etc., Co.* v. *Koerner,* 13 Ind. App. 372, 55 Am. St. 231, and authorities therein cited. Also, *Hamilton* v. *Home Ins. Co.,* 137 U. S. 370, 11 Sup. Ct. 133, 34 L. Ed. 708.

The court found "that upon the completion of the building aforesaid, the plaintiff rendered to the defendant a bill for extra work performed, and extra material furnished, whereupon the defendant, who resides in Connersville, in this State, came to the city of Evansville, where he met the plaintiff, with a view of reaching a settlement of said bill. That the plaintiff claimed of the defendant the sum of $1,428.64, and asserted that he would take no less. That the defendant claimed that he was indebted to the plaintiff in the sum of $700, and asserted that he would pay no more, and if the plaintiff would not accept that sum that the plaintiff must sue him upon the indebtedness in the county of the defendant's residence. That thereupon the plaintiff, on the 13th day of October, 1894, filed in the office of the recorder of Vanderburgh county the notice in writing of his intention to hold a mechanic's lien, a copy of which is set out in and filed with the complaint. That said notice was filed in the recorder's office as aforesaid, and duly recorded within less than sixty days from the time the aforesaid labor and

materials were performed and furnished. That the building aforesaid was not completed by the plaintiff until after the 24th day of September, 1894. That thereafter, on said 13th day of October, 1894, the plaintiff began this action against the defendant, by filing the complaint herein and having a summons issued thereon and delivered to the sheriff for service. That after the institution of this suit, and on the said 13th day of October, 1894, the defendant, in writing, requested the architects to find the total amount due the plaintiffs", etc.

The court found that the contract contained, among others, the following provisions: "In case the owners and the contractor cannot agree upon the value of any change made, or to be made, the same shall be appraised by Mursinna & Metzner, the architects." The court stated as a conclusion of law that "this provision does not make such an appraisement a condition precedent to the bringing of this action." This conclusion of law was correct, under the rule stated. The contract did not provide that no action should be maintained until after such award, nor can the condition of submission to the architects be necessarily implied from its terms. The rule is founded upon the principle that parties can not by contract oust the courts of their jurisdiction. That the failure of the architect to issue a proper certificate will not bar an action for the amount due has the support of respectable authorities.

*Oberlies* v. *Bullinger,* 27 N. Y. Supp. 19, was an action to recover a balance claimed to be due on a building contract which provided that part of the contract price should be paid as the work progressed, and the balance when the work was completed and accepted, and that payments should be made in accordance with the architect's certificates. It was held that the architect's certificate was required only as to the payments to be made as the work progressed, and not to the final payment after the completion of the work. In the course of the opinion, the court say: "We conclude, there-

fore, that neither an offer to arbitrate, nor an unqualified certificate of the architect was a condition precedent to the plaintiff's right of action."

In *Rude* v. *Mitchell*, 97 Mo. 365, 11 S. W. 225, the defendant agreed to pay a certain sum for the construction by plaintiff of certain buildings according to the plans of the architects, and that the architects might make alterations in the plans, and that any difference in the cost should be figured by the architects, whose figuring should be final. The court held that where it was found that alterations had been made in the plans and extra work done at the request of the architects, but who did not fix the difference in cost occasioned thereby, that plaintiff could recover for the reasonable value of the work, the contract price being taken as the basis of the recovery, and deductions being made from charges lessening the cost of the work.

In *Davis* v. *Badders*, 95 Ala. 348, 10 South. 422, it was held that where plaintiffs had contracted to build a house for defendant, payments to be made only on an architect's certificate, and suit is brought on the common counts on an implied contract to pay for the labor and materials, they can recover, although they have not obtained the architect's certificate.

In *Wildey* v. *School District*, 25 Mich. 420, the contract provided that payments should be made from time to time on the certificate of the architect, the balance on completion of the building. It was held that the certificate of the architect was not a condition precedent to the right of the contractor to recover for work approved and accepted.

But the contract may fairly bear the interpretation that the provision for the payment for the extra work was distinct from that to be performed under the original contract, and therefore not controlled by its terms.

The second and third propositions may be considered together. It is specially found by the court that the architects found the value of the extra work, including all ma-

terial and labor, after making all deductions and credits which in their opinion should have been deducted or added, to be of the value of $1,217.78½; that they notified in writing each of the parties of the sum so fixed by them. "That thereupon, and upon receipt of such notice by the defendant, he tendered to the plaintiff in payment for said extra work, and all matters connected therewith, the said sum of $1,217.78½, which the plaintiff refused to accept, and that thereupon the defendant paid said sum of money into this court for the use and benefit of the plaintiff, for the purpose of keeping good his tender aforesaid. That thereafter, on the 17th day of December, 1894, the plaintiff demanded from the clerk of this court the said sum so paid in by the defendant, and thereupon the clerk paid to him the said sum, viz., $1,217.78½, and the plaintiff has ever since retained the same."

The special finding does not show the tender to have been conditional. It was paid into court to keep the tender good. Upon such payment the money became the property of the appellee; the power of appellant over it ceased. *Sowle* v. *Holdridge,* 25 Ind. 119, 123; *Lynch* v. *Jennings,* 43 Ind. 276, 288; *Reed* v. *Armstrong,* 18 Ind. 446.

The findings show that the appellant refused to pay the amount due for the extra work; that appellant did not, until after the suit was brought, make any attempt to obtain the appraisement of the architects; he stated that he would pay no more than $700, and that appellee would be compelled, if that amount was not accepted, to sue him in the distant county in which he (appellant) resided. It was not until after suit had been brought in the county in which the work had been performed that he asked to have the architects find the total amount due appellee. His avowal that he would pay no more than $700 was equivalent to the declaration that he would not abide by the amount fixed by the architects if it exceeded that sum, and excused appellee from a strict compliance with the condition in question.

The findings further show that the buildings were accepted, except as to the extra work; that prior to the commencement of this action, appellant paid to the appellee, after having received certificates of the architects of that amount being due, $5,850, the sum being the amount originally contracted to be paid to the appellee; that appellant did not at any time procure, or attempt to procure, any certificates from the architects for the value of the extra work in suit. They further show that appellee actually performed labor and furnished materials for which the architects failed to allow him credit. We are of the opinion that a correct conclusion was reached.

Judgment affirmed.