# Shelby Iron Comp'y *v.* Cobb & Lewis.

*Action on Account, for Professional Services as Attorneys.*

1.  *New trial; refusal of, not revisable.*—The granting or refusal of a new trial is matter of discretion with the primary court, and its action is not revisable on error or appeal.

2.  *Submission of pending cause to arbitration; power of court to set aside order, and render judgment by default.*—When a pending suit is submitted to arbitration, and the submission is made an order of court (Rev. Code, § 3148), the statute contemplates that the cause shall remain on the docket, and be subject to the order of the court; and if the submission is not executed by the next term, the court may set it aside at a subsequent term, and render judgment by default, without any notice to the defendant, since he is presumed to be in court.

APPEAL from the Circuit Court of Shelby.

The record does not show the name of the presiding judge.

This action was brought by the appellees, suing as partners, to recover the sum of four hundred dollars, alleged to be due from the defendant by account, for professional services rendered by the plaintiffs, as attorneys-at-law, during the years 1872–75 ; and was commenced on the 5th March, 1875. At the April term, 1875, by agreement, the cause was submitted to arbitration, and the submission was made an order of court ; and the cause was continued. At the October term, it was " continued generally ; " and at the next ensuing term, April, 1876, it was " continued under former orders, and this cause to be tried at next term." At the ensuing October term, 1876, the court set aside the order of submission, and rendered judgment by default against the defendant, with a writ of inquiry, which was executed ; and on a subsequent day of the term, refused and overruled a motion by the defendant to set aside this judgment, reinstate the cause on the docket, and grant a new trial. The judgment by default, without notice to the defendants, and the refusal of the motion to set it aside, are now assigned as error.

JNO. T. HEFLIN, for appellant.

STONE, J.—It has been so often decided that an application for a new trial, in the primary courts, is matter of discretion, and the ruling thereon not revisable, that it seems

[Shelby Iron Company v. Cobb & Lewis.]

scarcely necessary to re-affirm the proposition.—See 2 Brick. Dig. 276, § 1.

2. This narrows the present controversy to a single inquiry: had the Circuit Court authority to proceed with the trial of this cause, at the time it was tried, without further notice to the defendant? The suit was a common action for work and labor done, commenced by summons and complaint. At the trial term, Spring, 1875, the matters in dispute were, by consent, referred to the arbitrament of two named referees, their award to be made the judgment of the court; and this submission was entered on the minutes, and the cause continued. At the next term, October, 1875, the cause was "continued generally." At the Spring term, 1876, the cause was again "continued under former order, and this cause to be tried at next term." At the Fall term, 1876, the following entry was made, as the record discloses: "This day, October 4th, 1876, came the plaintiffs by attorney, and it appearing to the court that the arbitrators, J. R. J. and P. G. W., to whom this case was referred at a former term of this court, have failed to take any action in the premises, it is considered by the court, that the order submitting this cause to arbitration be set aside." The court thereupon, after receiving proof that the summons and complaint were properly served, rendered judgment by default—the sum due being ascertained by the verdict of a jury. This presents, substantially, the whole record; and the question is, was the defendant constructively in court, or should it have been, so as to defend against the action?

The present proceeding was under section 3148 of Revised Code, which reads as follows: "It is the duty of all courts to encourage the settlement of controversies pending before them, by a reference thereof to arbitrators chosen by the parties, or their attorneys; and, on motion of the parties, must make such order, and continue the cause for award; but such continuance must not extend beyond one term, unless for good cause shown, or by consent." It is manifest that such submission as this does not take the case out of the court. It merely suspends the cause for award, but not indefinitely. Such suspension, or continuance, must not extend beyond one term, except on cause shown, or by consent. This language clearly contemplates that the cause shall remain on the docket, subject to be called up at each term; for the order of submission operates a continuance for only one term. It is, then, a cause pending in court, subject to its action and jurisdiction, as other causes are. The case being thus pending in court, and subject to its orders, it was the duty of the defendant to be represented by counsel; and,

under our system, the law, while the suit is pending, service having been perfected, presumes parties to be in court, at all times, by themselves or counsel; and holds them to the same measure of accountability as if they were present.—*Clarke v. West*, 5 Ala. 117, 127.

Presuming, as we are bound to do, that the defendant below, appellant here, was present, or had the requisite notice requiring its presence, when the trial was had, there is clearly no error in this record, of which it can avail itself. If it has suffered injury, the law imputes it to its own inattention to the cause.

The judgment is affirmed.