# Davis *v.* Badders & Britt.

*Action on Written Contract for Building House, and on Common Counts for Work, Labor and Materials.*

1. *Submission of pending suit to arbitration; subsequent trial by court.* When a pending suit is submitted to arbitration, by agreement entered of record, and nothing is done under the submission by the next term (Code, § 3221 , the court may, at a subsequent term, proceed and try the same, unless good cause is shown for a further continuance.

2. *Alteration of written contract by parol.*—Under a written contract by which plaintiffs undertook to build a house for defendant according to certain specifications, and at a specified price, containing a stipulation that "no new work done on the premises shall be considered as extra, unless a separate estimate in writing for the same, before its commencement, shall have been submitted by the contractor to the proprietor, and his signature obtained thereto;" the parties may, by mutual assent given verbally, make changes and alterations in the plan as the work progresses ; and the work being done as thus agreed on, a recovery may be had for it, either at the price agreed on, if any, or its value, without proof of any written estimate as required by the original contract.

3 *Acceptance of work done under special contract.*—Under a count on a special written contract for building a house, a recovery can not be had without proof of full performance according to its terms ; but a recovery may be had under the common count for work, labor and materials, on proof that defendant moved into the house before completion, continued to occupy it after the contractor quit working on it, and that it was of benefit to him.

4. *Complaint; averment of performance.*—In a count on a special written contract for building a house, to recover the balance due, an averment that plaintiffs "have complied with all the provisions of the contract on their part, and erected said building according to said contract," is a sufficient averment of performance (Code, p 791, Form No. 9) ; and it is unnecessary to further aver that plaintiff procured and furnished the certificate of the architect that the work was completed according to the terms of the contract, as required by one of its provisions.

5. *Production of architect's certificate; recovery under special and common counts.*—When the contract requires that the plaintiff, claiming the last installment of the agreed price, shall procure the architect's certificate as to the full and proper completion of the house, or other work to be done, it may be that a recovery can not be had under a special count on the contract, without proof that the certificate was procured, or that it was obstinately or unreasonably withheld ; but a recovery may be had under the common counts, for work and labor done and materials furnished, on proof of its acceptance and its value, without regard to the architect's certificate.

6. *Charge as to construction of writing.*—It is the duty of the court to construe a written instrument, and a charge asked which submits its construction to the jury is properly refused.

[Davis v. Badders & Britt.]

7. *Presumption in favor of ruling of primary court refusing charge asked.*—When the bill of exceptions does not purport to set out all the evidence, the appellate court will presume that there was evidence which justified the refusal of a charge asked, if any state of proof would have justified its refusal.

8. *Damages for delay in completion of work*—In an action on a contract for the building of a house, or the performance of other work, the defendant can not claim damages for delay in the completion of the work, when the evidence shows that, by consent, changes were made in the plans and specifications after the commencement of the work, which required a longer time for its completion.

APPEAL from the City Court of Anniston.

Tried before T. R. MATTHEWS, Esq., as special judge.

This action was brought by Badders & Britt, suing as partners, against W. A. Davis and wife, and was commenced on the 6th July, 1888. The original complaint contained a single count, claiming $560 for work and labor done and materials furnished by plaintiffs in building a house for defendants, and asserting a statutory lien on the property for the amount due. At the August term, 1888, an order was entered submitting the cause to arbitration; and an appeal was taken to this court from the proceedings had at the next term, on motion to have the award of the arbitrators entered up as the judgment of the court.—88 Ala. 367. At the January term, 1891, "the defendants moved the court to refer the cause back to the arbitrators under said order of the court," setting it out, "for decision in accordance with the decision of the Supreme Court on the former appeal; which motion was overruled, and defendant duly excepted." There is no further reference to the former proceedings, nor are they set out in the present transcript.

The plaintiffs then amended their complaint by adding three more counts, numbered 2, 3 and 4, respectively. The 2d count claimed $560 as the balance due plaintiffs under a special contract for the building of the house, at the agreed price of $3,000; and averred that plaintiffs "have complied with all the provisions of said contract on their part, and erected said building according to their said contract, but defendants have failed to comply" by not paying the balance due. The 3d count claimed $560, "balance due for extra work done and materials furnished in constructing said building, which was outside of said contract, and for which defendants agreed to pay plaintiffs while said building was in course of erection, and after said written contract had been made and signed." The 4th count was founded on the written contract, setting it out in full, alleging performance on their part as in the second count, and claiming $560 as the balance due.

The contract, as set out in the complaint, and offered in evidence on the trial, was dated July 29th, 1887, and stipulated that the work was to be done according to plans and specifications furnished by Chisolm & Green, architects, "and in a perfectly thorough and workmanlike manner;" that the building was to be completed by the 1st November, 1887; that the agreed price, $3,000, was to be paid in specified installments as the work progressed, the last installment ($700) to be paid "when the building is complete, and when all the drawings and specifications have been returned to Chisolm & Green, architects; *provided*, that in case of the final payment a certificate shall be obtained from and signed by said Chisolm & Green, architects, to the effect that the work [is] done in strict accordance with the drawings and specifications, and that they consider the payment properly due." The contract contained, also, these provisions: (3.) "Should the proprietor, at any time during the progress of said work, require any alterations of, deviations from, additions to, or omissions in the contract, he shall have the right and power to make such change or changes, and the same shall in no wise injuriously affect or make void the contract; but the difference for work omitted shall be deducted from the amount of the contract, by a fair and reasonable valuation, and for additional work required in alterations the amount based upon the same prices at which the contract is taken shall be agreed upon before commencing additions, as provided and hereinafter set forth in article 6; and such agreement shall also state the extension of time, if any, which is to be granted by reason thereof." (6.) "No new work of any description done on the premises, or any work of any kind whatever, shall be considered as extra, unless a separate estimate in writing for the same, before its commencement, shall have been submitted by the contractors to the proprietor, and his signature thereto obtained; and the contractors shall demand payment for such work immediately it is done."

The defendants demurred to the 4th count of the complaint as amended, (1) because it did not allege that the plaintiffs had obtained the certificate of the architects, which was necessary before the last installment of the agreed price could be demanded; (2) because it was not averred that the work was done according to the plans and specifications furnished by the architects, under their personal supervision, and to their satisfaction, as required by the terms of the written contract. The court overruled this demurrer, and the defendants then pleaded to the entire

complaint, (1) not indebted; (2) payment; (3) set-off; (4) re-coupment, (1) $300 on account of the imperfect and defective workmanship and materials, and (2) $164 as damages for delay in the failure to complete the house within the time specified in the contract; (5) that plaintiffs have never pro-cured the certificate of the architects as to the proper com-pletion of the work.   They also pleaded to the 2d count, (6) that plaintiffs have never procured the certificate of the architects as to the proper completion of the work, and (7), to the 3d count, that no estimate in writing for any extra work was ever submitted to and signed by the defendants, as re-quired by the written contract, and denied that they ever ordered any extra work, or promised to pay for any.

The plaintiffs demurred to the 4th and 5th pleas, but their demurrer was overruled; and they then replied to said pleas, (1) that they had several times demanded the certifi-cate, and the architects refused to give it without any just cause; (2) that the defendants have accepted the work and materials, and are now in the enjoyment of the same; (3) that the written contract was varied by subsequent agree-ment between the parties, so as to require a greater amount of work and materials, and a longer time for the completion of the work; (4) that the written contract was waived by a subsequent parol agreement, which required a greater amount of work and a longer time for its completion.   Ad-ditional replications to these pleas were, (1) that defendants have accepted the work and materials, and are now in the enjoyment of the same; (2) that the written contract was varied and modified by a subsequent agreement between the parties, which required a greater amount of work and ma-terials, "and said written contract was thereby waived." The defendants, "by way of rejoinder to the 2d replication to their 5th plea, and the 1st replication to their 4th and 5th pleas, say, that they have never accepted said work, labor and materials so done and furnished by plaintiffs, ex-cept by moving into said house, which was constructed on defendants' land, before plaintiffs claimed to have completed the same, and they still occupy said building as a matter of necessity, the same being on their land."   The plaintiffs de-murred to this rejoinder, and their demurrer was sustained; and the cause was then tried, as the judgment-entry recites, "on issue joined as shown by the pleadings."

"On the trial," as the bill of exceptions states, "the plaintiffs' evidence tended to show that they had substan-tially complied with said written contract, which was read in evidence by them, and that they had done extra work at

the instance of the defendant, and for which, after the execution of said written contract, before said extra work was done, he agreed to pay plaintiffs, amounting to $164 in value. Plaintiffs' evidence showed that the work on said house was not completed until about January 21st, 1888; that defendant moved into the house, with their permission, in December, 1887, when only two rooms were finished, and still occupies said house as a residence; that said house, as completed by them, was worth from $3,100 to $3,300, and that all of said amount had been paid except about $540. Plaintiffs evidence further tended to show that they were entitled to the certificate of said architects, Chisolm & Green, but it was wrongfully and capriciously withheld from them by said architects; also, that after said written contract was entered into, there was a subsequent parol contract between plaintiffs and defendant, by which the plans and specifications for the construction of said house were required to be altered, and that extra work was to be done on said house, for the doing of which it would take more time to complete said building than was provided for in said written contract, and that said plans and specifications were altered, and extra work done. The defendant's evidence tended to show that plaintiffs had not complied with the contract in the construction of the house; that much of the work was badly done; that inferior materials were used; and that plaintiffs had departed from the plans and specifications without authority, and had abandoned the work without completing it. It was further shown by the defendant that plaintiffs had never obtained the certificate of said architects, as required by said contract, and his evidence further tended to show that they were not entitled to it. Defendant denied that he had ever agreed to pay for anything extra, except to the amount of $56 in value, and that he had ever accepted said work as completed, or as a performance of the contract. He admitted that he had moved into the house, by permission of plaintiffs, on the 13th December, 1887, when only two rooms were finished, and had since occupied it as a family residence. It was further shown that plaintiffs had continued to work on said house until January 21st, 1888. Defendant claimed to have overpaid plaintiffs $200.30 more than the house is worth, after deducting for work omitted and defective, and damages for delay in construction."

"The court then charged the jury, *ex mero motu*, among other things, as follows: 'If the plaintiffs did not comply with the original contract sued on in this case, they are not entitled to recover upon it for the work done under it,

[Davis v. Badders & Britt.]

unless you find from the evidence that a departure from the original plan and specifications was agreed on between the parties before it was made, and the work as done was performed in lieu of that originally contemplated; but it does not necessarily follow that plaintiffs in this action would not be entitled to recover for such work. If the plaintiffs did the amount of work they had agreed to do under the contract, and it was of value to, and accepted by defendants, although it may not have been done in strict compliance with the original plan and specifications, you may nevertheless, under the principles I have submitted to you, find that plaintiffs are entitled to recover, under the common counts of complaint, whatever the evidence shows the work which was done under the contract is reasonably worth, or rather the contract price for the work, less the difference in value of the work as done and what it would have been worth had it been done in compliance with the contract; but, in no event would they be entitled to recover more than the contract price, although the work so done may be of greater value than was paid for it under the contract. To allow plaintiffs to recover what the work was reasonably worth, regardless of the contract price for the work they were to do, might not be any punishment to them for a violation of the contract, if you find from the evidence that they violated it."

The defendants excepted to this charge, and also to the refusal of each of the following charges, which were asked in writing:

(1.) "If the jury believe from the evidence that the contract between plaintiffs and defendant was for the erection of a building upon the land of defendant, and that performance of the terms of the contract was to precede payment, and was the condition thereof, and that plaintiffs have substantially failed on their part to perform the contract, then plaintiffs can not recover in this action, notwithstanding defendant has chosen to occupy and enjoy the building."

(2.) "If the jury believe from the evidence that the final payment of the contract price of the building depended upon the plaintiffs obtaining the architects' certificate that the work and building was completed according to the contract, then plaintiffs can not recover in this action unless they show such certificate, or such facts are shown by the evidence as to convince the jury that such certificate is obstinately or unreasonably withheld."

(3.) "If the jury believe from the evidence that said building was not completed according to the contract, in a

workmanlike manner, and that the last payment of seven hundred dollars was only to be made on the certificate of the architects, and such certificate is withheld because of the failure to complete the building in a workmanlike manner and according to the contract, then said certificate is not obstinately, unreasonably, or unjustly withheld, and without such certificate plaintiffs can not recover as to the last payment of seven hundred dollars."

(4.) "All persons entering into contracts are bound by the terms of the contract, and such contract is the law of the particular case; and if the plaintiffs in this case agreed to do the work strictly in accordance with the plans and specifications in said contract, then they are bound to comply with the requirements of such plans and specifications strictly; and unless the jury is satisfied that said plaintiffs have complied, then they can not recover without showing to the satisfaction of the jury that such failure to comply on plaintiffs' part has been expressly or impliedly waived by the defendant."

(5.) "The terms of all contracts, unless waived, must be strictly complied with, before any party thereto can have a right of action thereon; and the contract in this case stipulating that 'no new work of any description done on the premises, or any work of any kind whatsoever, shall be considered extra, unless a separate estimate in writing for the same, before its commencement, shall have been submitted by the contractors to the proprietor, and his signature obtained thereto;' then no charge for extra work under the contract in this case can be made, or judgment recovered therefor, unless said stipulation in said contract has been complied with by the contractor, or the same has been expressly waived or impliedly by the proprietor, the defendant in this cause."

(6.) "The mere fact that part performance of the contract has been beneficial to the defendant, is not enough to render the party benefitted liable to pay for the advantage. It must appear from the evidence that he has taken the benefit under circumstances sufficient to raise an implied promise to pay for the work done, notwithstanding the non-performance of the special contract. Therefore, in a case of building on land, under a contract which the builder fails to complete, or which he completes in a manner not conforming to the contract, so that the owner can not be charged with the contract price, the mere fact of the building remaining on the land, and the owner moving into and taking possession of it, and enjoying the fruits of the labor, is not such

[Davis v. Badders & Britt.]

an acceptance as will alone imply a promise to pay for it; and without more, plaintiffs can not recover on the common counts in the complaint in this action."

(7.) "If the jury believe from the evidence that the last payment of seven hundred dollars depended upon the certificate of Chisolm & Green, the architects, that the work was completed in accordance with the drawings, plans and specifications, and that such certificate has not been obtained, nor unjustly, unreasonably, or collusively withheld, and they further find that defendant has paid on said contract twenty-six hundred dollars on the contract price of three thousand dollars, and they further find that plaintiffs have done extra work for which defendant is bound to pay under the stipulations of the contract, then the defendant is entitled to offset such amount of extra work with the three hundred dollars overpaid to such contractors under said contract."

(8.) "The plaintiffs are not entitled to recover on the common counts in this case, unless the jury believe from all the evidence that defendants accepted the work, and went into possession, and occupied and used the same, under such circumstances as will amount to an express or implied waiver of the failure upon the part of plaintiffs to perform said contract, and the mere fact of moving in and occupying the house, alone, is not sufficient to amount to an express or implied waiver."

(12.) "If the evidence shows that the plaintiff asked no further time to do extra work, defendant is entitled to reasonable damages for delay after November first, the time of completion as provided in contract."

(14.) "The burden of proof is on the plaintiffs to show performance of their contract, or a waiver by the defendant in this case."

(16.) "The use of a building which has been partially erected, though for the purpose for which it was intended, is not an acceptance of the work, or any part thereof; the duty to pass upon the work does not arise until its completion."

(18.) "A special contract for work must prevail, unless a departure from it has been so general as to render it impossible to connect the contract with the work."

(19.) "When a building is in process of construction under a special contract, and additions and alterations are to be made, the original contract is held to exist and be binding as far as it can be followed."

The rulings on the pleadings, the charge given, and the refusal of the charges asked, are assigned as error.

[Davis v. Badders & Britt.]

BLACKWELL & KEITH, for appellants.—(1.) The court had no power to proceed with the trial of the case, while the order submitting it to arbitration was unrevoked.—1 Am. & Eng. Encyc. Law, 665. (2.) The demurrer to the 4th count of the complaint ought to have been sustained.—*Smith v. Briggs,* 3 Denio, 73; *D. & H. Canal Co. v. Coal Co.,* 50 N. Y. 265; *Butler v. Tucker,* 24 Wend. 447; *Smith v. Brady,* 17 N. Y. 173; *Wyckoff v. Meyers,* 44 N. Y. 143; *Wangler v. Swift,* 90 N. Y. 38. (3.) The demurrer to the rejoinder should have been overruled.—*Smith v. Brady,* 17 N. Y. 173; *Bozarth v. Dudley,* 43 Amer. Rep. 373; 72 Amer. Dec. 442. (4.) The 6th charge asked was correct, and it ought to have been given.—*Hartupee v. Pittsburgh,* 97 Penn. St. 107; *Smith v. Brady,* 17 N. Y. 173; *Reed v. Board, &c.,* 3 Keyes, N. Y. 105; *Yeates v. Ballentine,* 56 Mo. 530; *Haysler v. Owen,* 61 Mo. 270; 88 Mo. 285. That the 8th charge asked for should have been given, see *Bozarth v. Dudley,* 43 Am. Rep. 373; 72 Am. Dec. 442. That the 16th charge should have been given, see *Yeates v. Ballentine,* 56 Mo. 530; *Haysler v. Owen,* 61 Mo. 270. As to the correctness of the 18th charge, see *Hummer v. Lockwood,* 3 G. Greene, Iowa, 90; and as to the 19th, see *McKinney v. Springer,* 3 Ind. 59.

BROTHERS, WILLETT & WILLETT, *contra.*—(1.) Nothing having been done under the submission for more than two terms, so far as the record shows, it was the duty of the court to proceed with the trial of the case, unless good cause was shown for a continuance.—Code, § 3221; *Bozeman v. Gilbert,* 1 Ala. 90; *Stone v. Dennis,* 3 Porter, 231; *Jones v. Harris,* 59 Miss. 214. A revocation of the submission is to be presumed in such case.—*Wilson v. Cross,* 7 Watts, 495; 2 Wend. 494; 47 Barb. 624; *Woodbury v. Proctor,* 9 Gray, Mass. 18; *Kimball v. Gilman,* 60 N. H. 54; 1 Am. & Eng. Encyc. Law, 666. (2.) Although the house may not have been built and completed according to the terms of the contract, yet the plaintiffs were entitled to recover under the common counts for work, labor and materials performed and furnished, if the house was accepted by the defendant, or was of substantial benefit to him.—*Thomas & Trott v. Ellis & Co.,* 4 Ala. 108; *Merriwether v. Taylor,* 15 Ala. 575; *Bell v. Teague,* 85 Ala. 211; *Hutchinson v. McCollum,* 23 Ala. 622; 2 Greenl. Ev., § 104, Redfield's edition; *Elliott v. Caldwell,* Lawyer's An. Rep., Oct. 14, 1890; *Handley v. Walker, Ib.,* July 23, 1890; Wood's Mayne on Damages, 302, note 1. The rule for estimating the damages in such cases, or amount of recovery, is laid down in *Crookshank v. Miller,* 2 G. Greene,

[Davis v. Badders & Britt.]

Iowa, 257; *Newman v. McGregor,* 5 Ohio, 357; *Haywood v. Leonard,* 2 Pick. 181; *Livingdale v. Livingston,* 10 John. N. Y. 36; *Harris v. Bernard,* 4 E. D. Smith, N. Y. 195; *Smith v. Proprietors,* 8 Pick. 177; *Bassett v. Sanborn,* 9 Cush. Mass. 58; *Kelly v. Bradford,* 33 Verm. 35; 7 East, 479; 2 C., M. & R. 547. (3.) These authorities show, also, that the production of the architects' certificate was not necessary to establish a right of recovery under the common counts; nor was it necessary under the special counts, if shown to have been capriciously withheld by them. (4.) The bill of exceptions does not purport to set out all the evidence adduced on the trial, and this court will make all necessary presumptions in favor of the correctness of the rulings of the court below. *McLemore v. Nuckolls,* 37 Ala. 662.

CLOPTON, J.—On August 24, 1888, the Circuit Court, in which the suit was originally instituted, made the following entry : "Came the parties by attorneys, and by agreement this cause is submitted to the arbitration of M. J. Miller and J. B. Goodwin, and they to call in a third man, whose award, when made according to law, to be made the judgment of this court in this case." When the case was called for trial in the City Court, to which it had been transferred under the statute, at the January term, 1891, defendants moved to refer it to the arbitrators under the order of the Circuit Court. The motion was overruled, and the City Court proceeded to try and determine the cause.

Section 3221 of the Code declares : "It is the duty of all courts to encourage the settlement of controversies pending before them, by a reference thereof to arbitrators, chosen by the parties or their attorneys ; and on motion of the parties must make such order, and continue the cause for award ; but such continuance must not extend beyond one term, unless for good cause shown, or by consent." While it is made the duty of the court, in pursuance of the legislative policy declared in the statute, to make an order of reference on motion of the parties, such order does not, under the statute, oust the court of jurisdiction of the case. It remains pending in court, subject to be called at each succeeding term for trial. The suspension for award is not indefinite. The statute places a limitation upon the discretion of the court as to continuing the cause : the continuance must not extend beyond one term, unless good cause be shown, or the parties consent. So far as the present record discloses, and we can look no further, no action was taken in execution of the order of reference,

either by the arbitrators or by the parties ; and no cause shown when the case was called for trial, why it should longer be continued for award. Several terms having elapsed since the order of reference, and no award made, nor cause shown for a further continuance, it became the duty of the court, unless the parties consented to a further continuance, to disregard the order of reference, and proceed with the trial of the case.—*Shelby Iron Co. v. Cobb*, 55 Ala. 636.

The complaint contains several counts—one on a special contract for the erection of a dwelling-house, a common count for materials furnished and work and labor done, and a count for extra materials and extra work. The special contract contains a provision, that "no new work of any description done on the premises, or work of any kind whatsoever, shall be considered as extra, unless a separate estimate in writing for the same, before its commencement, shall have been submitted by the contractors to the proprietor, and his signature obtained thereto." On the former appeal in the case (88 Ala. 367), this clause of the contract was construed. It was then held, that if no estimate in writing for the extra materials and work was submitted to defendant, and his signature thereto obtained, and no promise to pay for the same, no recovery could be had therefor ; but, if, during the progress of the work, alterations in the plan were made by mutual assent, and defendant promised to pay for the extra work required by the alterations, plaintiffs, if such work was worth more, considering materials and workmanship, than the work for which it was substituted, are entitled to recover the difference, although no written estimate was submitted and signed. The count contains an averment that, while the building was in course of erection, defendant promised to pay for the extra work and materials, and there is evidence tending to show such promise. Charge 5, requested by defendants, ignores the effect of this evidence, and excludes it from the consideration of the jury. The liability of defendant for the extra work and materials does not rest upon a waiver of the special condition of the contract, but upon a subsequent and distinct agreement to alter or modify the contract, and to pay the increased costs of such alteration or modification. The jury would have understood from the charge that they could not allow for the extra work and materials, unless defendant expressly or impliedly waived the condition, though he may have verbally promised to pay for the same. The charge is misleading.

The part of the general charge excepted to, and several

[Davis v. Badders & Britt.]

of the charges asked by defendants, relate to the liability of the owner of land for materials funished and work done in the erection of a building thereon under a special contract, when the contractor has failed to perform it. This has been regarded as a vexed question, growing out of the fact that the building may add to the value of the land, and be of benefit to the owner, in connection with the practical difficulty of enforcing the right of rejection. Whatever contrariety of judicial views may exist, the rule, in such cases, has been long and well settled in this State. In *Thomas v. Ellis*, 4 Ala. 108, the rule is thus stated: "Indeed, nothing is more common than to permit a recovery upon an implied contract to pay the value of the labor, although it may not have amounted to a performance of the special contract; and this is always the rule when the defendant has accepted the work, or entered into possession and use of the house actually erected." The same doctrine has been re-asserted in the subsequent cases of *Merriwether v. Taylor*, 15 Ala. 735; *English v. Wilson*, 34 Ala. 201; *Bell v. Teague*, 85 Ala. 211. The doctrine practically rests upon the acceptance of the building by the owner of the land, not as finished according to the contract, but in its incomplete condition, and that in such condition it is of benefit to him. The acceptance need not be express; when there is no gross or fraudulent violation or abandonment of the contract, it may be inferred from the use and enjoyment of the property by the owner of the land upon which value has been conferred by the erection of the building. The charges relating to this matter asked by defendants are defective in this: they assert the proposition, that plaintiffs can not recover, even under the common counts, without showing a strict performance of the contract, or that an acceptance can not be inferred from merely moving into, taking possession, and using and enjoying the house. It may be that moving into the house before its completion, by consent of plaintiffs, would not, of itself, amount to an acceptence. But it is also shown that defendants remained in possession after the completion of the house, and have used and enjoyed it up to the time of trial. In such case, liability does not rest on strict performance of the provisions of the contract on the part of plaintiffs, or a waiver thereof by defendant, but upon an implied agreement, raised by the law, to pay for the labor done and materials furnished, which were of value and benefit, and accepted by him. On these principles, charges 1, 4, 6, 8, 14, and 16 asked by defendant, were properly refused.

They predicate plaintiffs' right to recover, under any count of the complaint, on performance of the special contract, or a waiver of performance by defendants, or assume, as matter of law, that moving into the house, taking possession and enjoying the benefit, is not an acceptance. Besides charge 8 is argumentative. The question of acceptance was properly submitted to the jury. No question is raised as to the measure of recovery in such cases.

By the special contract, defendants agreed to pay for the erection of the house in installments as the work progressed; the fourth and last payment of seven hundred dollars to be made when the building was completed, and the drawings and specifications returned to the architects. The contract contains the provision, "that in case of the final payment, a certificate shall be obtained from and signed by Chisolm & Green, architects, to the effect that the work is done in strict accordance with drawings and specifications, and that they consider the payment as properly due; said certificate, however, in no way lessening the total and final responsibility of the contractor; neither shall it exempt the contractor from liability to replace work, if it be afterwards discovered to have been done ill, or not according to the drawings or specifications, either in execution or materials."

The fourth count declares specially on the contract, setting it out *in haec verba*. To this count a demurrer was interposed, assigning as the ground of objection, that it did not specifically aver that the certificate of the architects was obtained. It avers that plaintiffs "have complied with all the provisions of the contract on their part, and erected said building according to said contract." The count is substantially in the form of a complaint "on a dependent covenant or agreement," as prescribed by the Code. Under the statutory form, a mere statement of the contract, with a general averment that plaintiffs had complied with all its provisions on their part, and that defendant had failed to comply with specific provisions, is sufficient. These forms have the force of a statute.—*Brooklyn Life Ins. Co. v. Bledsoe*, 52 Ala. 538.

The question as to the necessity of producing the certificate of the architects was also raised by charges 2 and 3 asked by defendant. Counsel for appellants have called our attention to cases decided by the New York Court of Appeals, in which it was held, under contracts containing similar provisions, that when the parties have made the production of the certificate of the architect, to the effect that

[Davis v. Badders & Britt.]

the work was completely finished, a condition precedent to final payment, the plaintiff is bound to procure the certificate, if not impracticable to get it without fault on his part ; and if he does get it, the defendant is bound to pay, unless he can show that it was obtained by fraud or mistake.—*Smith v. Brady*, 17 N. Y. 173 ; *Wyckoff v. Meyers*, 44 N. Y. 143 ; *Wangler v. Smith*, 90 N. Y. 38. Parties competent may fix the terms of their contract as they deem proper, and, in the absence of fraud or mistake, the court is not justified in displacing or altering them, though regarded imprudent or unwise. But whether, under the provisions of the contract, the obtainment of the architects' certificate is a condition precedent to final payment, we deem it unnecessary to decide. If conceded that it is requisite to entitle plaintiffs to recover the final payment under the counts declaring on the special contract ; if the contract has not been performed, and defendant has accepted the house, the production of the certificate is not essential to recovery under the common counts on an implied contract to pay the value of the labor done and materials furnished. Charge 2 is too broad, and was properly refused, for the reason that it predicates the production of such certificate or proof of facts showing that it was obstinately or unreasonably withheld, as an element of plaintiffs' right to recover "*in this action*"—that is, under both the common and special counts. And charge 3 is obnoxious to the objection, that it submits to the jury the construction of the written contract, which it is the province and duty of the court to construe.—*Bernstein v. Humes*, 60 Ala. 582; *Claghorn v. Lingo*, 62 Ala. 230.

Charges 18 and 19 were properly refused, not only because argumentative in their nature, but also on the principle that, when the bill of exceptions does not set out all the evidence, if the legal propositions asserted by the charges might be met and avoided by proof of facts which would render the charges erroneous, this court will presume that such other facts were proved.—*Montg. & Eu. Railway Co. v. Kolb*, 73 Ala. 396; *McLemore v. Nuckolls*, 37 Ala. 662. The same observation applies to charge 12, which is to the effect, that if plaintiffs asked no further time to do extra work, defendant is entitled to reasonable damages for delay in finishing the building after the time of completion provided in the contract. If to do the extra work directed by defendant, and for which he promised to pay, necessarily required longer time to complete the building than allowed by the contract, a reasonable extension of the time will be implied,

and defendant is not entitled to damages for the delay under such circumstances.

Affirmed.