# Tri-City Gas Company *v.* Connelly Boiler Works.

*Assumpsit.*

(Decided April 23, 1913.   Rehearing denied May 8, 1913.
62 South. 333.)

1. *Sales; Action for Breach; Pleading.*—Where a complaint on a dependent covenant was in Code form, but instead of the general averment of a compliance with all the provisions of the contract, each count contained a specific averment that plaintiff built the boilers ordered by defendant as agreed on, and was ready and willing to deliver and set the same as provided by the contract, followed by an averment in one count that defendant wrongfully prevented plaintiff from completing his part of the contract, and in the other count, that defendant notified plaintiff that it would not receive the boilers, thus wrongfully preventing plaintiff from complying with all the provisions of the contract, such complaint sufficiently showed that plaintiff had complied with all conditions precedent to a recovery, and were sufficient.

2. *Same; Implied Warranty; Breach of Contract.*—Where a defendant purchased certain boilers from plaintiff to be manufactured

as per contract, plaintiff was not entitled to recover on defendant's refusal to accept them because they were materially defective in construction, if plaintiff wrongfully refused to remedy the defect.

3. *Same; Refusal to Accept Completion.*—Where the buyer refuses to accept certain boilers in an incomplete condition because of defective construction, a charge asserting that if defendant notified plaintiff after it had commenced the construction of said boilers that it would not accept them, plaintiff was not required to complete the boilers to entitle him to recover their value in their incompleted condition, was misleading, as under such an instruction the jury might believe that the seller was entitled to recover their value in an incompleted condition, if the buyer gave notice that it would not accept them, even though it was found that the giving of such notice was in consequence of the seller's refusal to remedy material defect in the construction.

4. *Contracts; Action; Plea; Non Est Factum.*—Where the action was on a written contract and defendant filed a plea alleging that neither defendant nor its president on behalf of such corporation, executed the contract by himself or on behalf of the corporation, or otherwise, and that it was not executed by anyone authorized to bind him, or the corporation, which plea was properly verified by affidavit, such plea was not demurrable because of a further superfluous averment in denial of the execution of the contract by the individual, since such denial by the individual who made oath to the plea on behalf of the corporation would not have the effect to cast on plaintiff the burden of proving anything more than the execution of the instrument by defendant, or someone authorized to bind it.

5. *Appeal and Error; Harmless Error; Pleading.*—Where pleas raise as a defense matter which is available under the general issue, it is harmless error to sustain demurer to such pleas, where the general issue is pleaded.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Assumpsit by James Connelly, doing business as the Connelly Boiler Works, against the Tri-City Gas Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Count 1 is as follows: "Plaintiff claims of defendant $1,000 as damages for the breach of an agreement entered into by defendant on February 16, 1910, in substance as follows: Plaintiff agreed to build two 25 H. P. B. boilers made of 5/16 plate and 3/8 heads, boilers to be 36" diameter and 12" long, to be delivered with fixtures and put upon block ready for brickwork about April 1, 1910, and defendant was to pay plaintiff the

sum of $550 when boilers were delivered and accepted. Plaintiff avers that he built said boilers as agreed upon, and was ready and willing to deliver said boilers and fixtures and put them upon the blocks ready for the brickwork as provided in said contract, but the defendant wrongfully prevented plaintiff from thus completely performing his part of the contract, and avers that defendant has failed to comply with said contract, in that he has refused and failed to pay plaintiff for said boilers as it agreed to do in said contract or agreement." Count 2 is the same as 1, except that it sets out the contract in hæc verba with the signatures H. C. Higgins, Sr., and Connelly Boiler Works, the allegations of breach being that although plaintiff had performed all the provisions required, and was ready and willing to perform the others, defendant refused to receive the boilers or permit them to be set up, and has failed and refused to pay plaintiff the amount agreed upon. Count 3 is in code form. Added to each of the counts is the following: "Plaintiff avers that defendant executed said contract by causing the name of H. C. Higgins, Sr., to be signed thereto."

The following is plea 1: "The defendant, H. C. Higgins, president of the said corporation, and for and on behalf of said corporation, says that the alleged contract upon which the action was founded was not executed by him on behalf of said corporation or otherwise, or by any one authorized to bind him or said corporation in the premises, to which he makes oath that this plea is true."

Charge 1, given for plaintiff, is as follows: "If defendant notified plaintiff some time after he had commenced the construction of the boilers that it would not accept them after such notification, the duty was not imposed on plaintiff to complete the boilers to entitle

[Tri-City Gas Company v. Connelly Boiler Works.]

him to recover the value of the boilers in their incomplete condition."

INZER & INZER, and DORTCH, MARTIN & ALLEN, for appellant. The court erred in overruling demurrers to the complaint.—9 Cyc. 721, 722 723. Where plaintiff intends to rely on an excuse for not performing, he must aver the particular facts and circumstances, constituting such excuse.—Authorities supra and 15 Ind. 386. On these same authorities the court should have overruled demurrers to the pleas. Counsel discuss the evidence, but without citation of authority. Counsel also discuss the charges, but without citation of authority.

HOOD & MURPHREE, for appellee. The counts were in Code form, and therefore, good, and the pleas were manifestly bad. Counsel also discuss assignments of error relative to error and charges, but without citation of authority.

WALKER, P. J.—Count 3 of the complaint in this case is in the form prescribed by the Code for a complaint on a dependent covenant or agreement.—Code, § 5382, form 9. This is enough to say in support of the conclusion that that count was not subject to the demurrer interposed to it.

Counts 1 and 2 followed the same form, except that, instead of the general averment of the code form of a compliance by the plaintiff with all the provisions of the contract on its part, each contained a specific averment that the plaintiff built the boilers as agreed upon, and was ready and willing to deliver and set the same as provided in the contract, which was followed in the first count by averments to the effect that the defendant wrongfully prevented the plaintiff from completing his

part of the contract, and in the second count by the aver-ment that the defendant notified the plaintiff that it would not receive said boiler, thus wrongfully prevent-ing the plaintiff from complying with all the provisions of said agreement. Each of these counts shows that the plaintiff did everything required of it by the contract, except the things which it was in the power of the de-fendant to prevent its doing, namely, delivering and set-ting the boilers on the defendant's premises, and that these things the defendant did not permit it to do. These averments sufficiently showed that the plaintiff had fully complied with its obligations under the con-tract sued on except in so far as it had been excused or prevented from doing so by the defendant itself.— *Brooklyn Life Ins. Co. v. Bledsoe,* 52 Ala. 538; *Davis v. Badders & Britt,* 95 Ala. 348, 10 South. 422.

The second and third counts of the complaint were founded upon an instrument in writing, which was set out. The defendant's plea 1, which was duly sworn to, contained all the averments found in the code form for a plea of non est factum.—Code, § 5383, form 33. It seems that the further averments found in that plea in denial of the execution of the instrument sued on by the individual who made oath to the plea in behalf of the de-fendant corporation could not have had the effect of casting on the plaintiff the burden of proving anything more than the execution of the instrument sued on by the defendant or by some one authorized to bind it (Code, § 3967), and that this feature of the plea, which alone distinguished it from the Code form for a plea of non est factum, did not render it subject to a demur-rer which did not suggest as an objection to the plea the presence in it of the superfluous averments. How-ever that may be, it is quite apparent that the subse-quently filed pleas 3 and 4, each of which was substan-

tially in the code form for a plea of non est factum, were not subject to the demurrers interposed to them. The suggestion made in the argument of the counsel for the appellee that these pleas were not sworn to, and were subject to the demurrers pointing out this omission, is based upon a misapprehension of the record. The record shows that each of them was duly sworn to. The defendant was entitled by sworn plea to put in issue the execution by it, or by any one having authority to bind it, of the written instrument upon which it was sought to be charged with liability. Possibly the error committed in depriving the defendant of the right to present in the manner authorized by law the issue sought to be presented by those pleas might be regarded as having been cured if it appeared from the record that in the trial of the cases the plaintiff was required to and did sustain the burden which would have been put upon it by a plea of non est factum. But the record before us does not make such a showing. It is true that the bill of exceptions shows that the plaintiff offered evidence tending to prove that the defendant contracted with the plaintiff as alleged in the complaint. But there was other evidence having an opposing tendency, and it does not appear that the jury considered the evidence submitted to them in the light of an instruction that it was incumbent on the plaintiff to prove the execution of the contract alleged in the complaint. It is not to be presumed that such an instruction was given when rulings of the court which the record does disclose indicate that it did not recognize the existence of the right of the defendant to cast upon the plaintiff the burden of proving the execution of the instrument sued on.

Pleas E, F, H, I, and J each sought to put in issue averments contained in the complaint. The defendant

could not have been prejudiced by the action of the court in sustaining demurrers to those pleas, as the matters of defense which they sought to present were available to the defendant under its plea of the general issue.

There was evidence tending to prove that the defendant's refusal to accept the boilers made by the plaintiff was justifiable on the ground that they were materially defective in construction. Whether or not under evidence which was admitted without objection the jury might have found that the defendant had waived compliance by the plaintiff with the provision of the contract as to the time for completing and delivering the boilers, though the fact of such a waiver was not within the issues presented by the pleadings, yet the plaintiff would not have been entitled to recover the value of the boilers made by it if the defendant's refusal to accept them in the condition in which they were proposed to be delivered was because of material defects in their construction which the plaintiff wrongfully refused to remedy, and not because the work had not been done within the time specified in the contract. The jury might well have inferred from the instruction embodied in written charge 1 which was given at the instance of the plaintiff that he was entitled to recover the value of the boilers in an incomplete condition "if the defendant notified the plaintiff some time after he had commenced the construction of the boilers that it would not accept them," even though it was found from the evidence that the giving of such notice was in consequence of a refusal by the plaintiff to remedy material faults of construction which were disclosed by the test of the boilers which was made with a view of their delivery to the defendant. It is plain that the defendant should not be required to pay for incomplete boilers which the

plaintiff refused to complete in the manner contemplated by the contract. Whether the giving of that charge constituted reversible error, or merely had such a misleading tendency as to suggest to the defendant the advisability of requesting explanatory instructions, need not be decided, as the judgment appealed from must be reversed because of the error already mentioned. To say the least of it, that charge properly could have been refused. It is not deemed necessary to mention many other rulings which have been assigned as errors. Most of the assignments of error do not merit discussion.

Reversed and remanded.