*283
 
 Nash, J.
 

 The declaration contains two counts — one upon a special contract, and the other upon a
 
 quantum
 
 valebant, for work and labor done and materials furnished by the plaintiff. The defendant employed the plaintiff to build him a house within a certain time and at a specified price. It is admitted the work was not done agreeably to contract, but a house was built, which the defendant used.
 

 ■ The plaintiff is entitled to a verdict on the second count; and the only question is, as to the rule, by which his damages are to be assessed. On the part of the plaintiff it is contended, that the damages are to be assessed, according to the value of the work and materials, irrespective of the sum specified in the contract. By the defendant it is contended, that they are to be assessed in reference to the price agreed. The Court coincided with the rule expressed by the plaintiff, and directed the jury to ascertain the value of the work and materials, disregarding the price fixed by the special contract, as that had nothing to do with the case.
 

 In this opinion, we do not concur. It is manifestly unjust, and, if correct, would enable a workman, at any time it suited his own interest, to vary from his contract. An individual, wishing to have particular work done, applies to a workman, and upon consultation it is agreed, that it can be executed for a particular sum: afterwards, the contractor finds, he has made an improvident bargain, or prices of work or materials may have risen — all he has to do, if the opinion we are examining be correct, is to vary from his contract, spin out the time in which the work is to be done, and thereby entitle himself to compensation — not such he had agreed for, and which he had admitted was sufficient, but such as it might be proved the work was worth. In this way the contract would be entirely superseded, and compensation recovered upon an entirely different one. It is no answer to say, that the person, for whom the work is done, may refuse to receive it. So'he may,
 
 *284
 
 but he may be so situated, as to render it necessary for him to do so, and the law does not allow him to be so cornered. It has established a rule, whereby justice is done to both parties, and the spirit of the contract retained. It says to the contractor, you shall not abandon the original contract at your will and pleasure ; if you do not execute it as agreed on, you shall not forfeit all compensation, but it shall be measured to you in reference to the stipulated price : you shall not exceed that. Where there is no special contract as to the price of the work, and it is not finished according to contract, but is accepted and used by the person tor whom done, there the rule is different — the contractor is paid according to value. In this case his Honor who tried the case below, applied to it the -latter rule ; and in this erred. 1 Steph. N. P. 306,
 
 Merritt
 
 v
 
 the Ithaca, and Oswego Rail Road Company,
 
 16 Wend. 586. In the case of Dickson,
 
 Mallory
 
 &
 
 Co.
 
 v
 
 Jordan
 
 &
 
 Co.,
 
 tried at the June Term, 1851, oí this Court, at Raleigh, the principle is recognised and stated. Where work is done under a special contract, and1 not completed within the time limited, but is progressed in after the day, with the assent of him for whom done, the plaintiff is confined under the common count
 
 to the rate of compensation fixed by the contract,
 
 where no further special contract is made ; and the rule is thus familiarly stated in the case last referred to — if the house contracted for is worth the sum agreed on, what is the house, as built, worth ?
 

 For this error judgment must be reversed and a
 
 venire de novo
 
 awarded.
 

 Pe$ Curiam-. Judgment accordingly.