# Walstrom *v.* Oliver-Watts Construction Co.

## *Action on Contract.*

### (Decided June 10, 1909. 50 South. 46.)

1. *Sales; Builder's Contract.*—Where the contract is to make and deliver concrete block at so much per block and to lay the blocks in the walls of a house at so much a square foot, the limitation to the building of a wall and the fact that the prices fixed at so much per block, and so much for placing each block in the wall does not change the contract from a builder's contract to one for the sale of blocks so as to make the law governing sales of chattels apply.

2. *Contract; Building Contract; Substantial Performance.*—Where a contractor can show a substantial performance of a building contract he may sue thereon.

3. *Same; Past Performance; Waiver.*—Where a contractor has failed to perform, or has performed in a manner different from the contract, or abandons the work, the owner can refuse to accept it and require performance before being liable on the contract or on a quantum meruit; he may, however, by acts or words or by a failure to act or speak waive performance in a different manner or accept partial performance and in that way waive strict performance and thus render himself liable on the quantum meruit, less such damages as he may sustain from the contract's breach, but not for the contract price unless so agreed after breach by the contractor.

4. *Same; Partial Performance; Quantum Meruit.*—Acts or words which will render an owner liable on a quantum meruit for a partial performance, or the owner's failure to act or speak, will not necessarily amount to a waiver of his right to recoup damages for the contractor's breach, and such an amount should be deducted from the contract price as is equal to the difference between the value of the work agreed to be done and the work done.

5. *Same; Acceptance of the Work; Occupation of Building.*—Partial payment and occupancy by the owner of a building erected on his land do not of themselves amount to an acceptance of the work as done in compliance with the contract, unless coupled with some acts or words from which acceptance may be reasonably inferred.

6. *Same; Unauthorized Acceptance.*—The unauthorized acceptance of work by an architect is not a waiver of the owner's right to damages against the contractor for failure to fully perform.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by the Oliver-Watts Construction Company against P. F. Walstrom on a building contract. Judg-

[Walstrom v. Oliver-Watts Construction Co.]

ment for plaintiff and defendants appeal. Reversed and remanded.

M. M. ULLMAN, for appellant.—On the question of when recovery may be had on the common count or quantum meruit, when there is a special contract, counsel cite the following authorities.—*Cunningham's Case,* 44 South. 1016; 2 Mayf. Dig. sec. 333. Charges as to what constitutes an acceptance requested by the defendant should have been given.—*Armes v. Windham,* 34 South. 816; *Davis v. Badders,* 95 Ala. 348. Use and occupation alone is not a waiver of strict performance.— *Cawin v. Wallce,* 17 Ia. There is no waiver in the present case.—17 Me. 216; 57 Am. Rep. 413; 72 Am. Dec. 443; 43 N. Y. Supp. 139; 59 N. E. 455; 6 Cyc. 70. Under the circumstances in this case the contractor is not entitled to any compensation for his partial performance.—12 Ala. 538; 30 Cyc. 126, and the numerous cases cited in note. Counsel discuss the question of damages and cites authorities in support of his contentions.

ROBERT N. BELL, for appellee.—The contractors were not builders and cannot be held to the rule of builders. The blocks were put on the ground for inspection and after they were inspected or after a fair chance had been given to inspect them the appellant could not raise any objection to visible defects whether discovered or not. —43 N. W. 834; 69 L. R. A. 973; 61 N. W. 655; 12 L. R. A. 399. The appellant accepted the work and material.— 1 Cyc. 221; 58 N. Y. 358; *Badders v. Davis,* 10 South. 425; *Armes v. Windham,* 137 Ala. 513; 68 Tex. 32; 106 N. Y. 90; 93 Mo. 374. On the question of damages attention is called to the authorities herein first cited.

MAYFIELD, J.—This was an action upon an express contract, to which were joined the common counts. The

complaint contained four counts, three of which declared upon the expressed contract to construct the walls of a house, and the other upon the common counts, and sought to recover a balance due; there having been a part payment, and the defendant having occupied and used the house. The contract was in words and figures as follows:

"August 4, 1906.

"Mr. Sidney Ullman, City—Dear Sir: We will make and deliver blocks as per our agreement on lot opposite Glen Iris gate for 23 cents per block. We will also make and deliver special designs of water tables and sills, as per retail, for 10 cents per lineal foot above our previous bid. The blocks are to be plain and faced with a three to one mixture. Will also lay the block up, beginning at water table, for 30 cents per square foot, over all, counting water table in measurement. A cost of one cent per superficial foot will be added for pointing these blocks about our previous bid. Hoping to be favored with this valued order, we remain, very truly.

"An additional charge of (1c) one cent is to be allowed for projected corner blocks.

"Oliver-Watts Const. Co.,

"By W. G. Oliver.

"August 6, 1906.

"The above bid is accepted, except in matter of water table, which is to be stock pattern, at regular price of balance of blocks. It is understood that the price of 30c per square foot includes all work except pointing up and price of sills.

"For P. F. Walstrom.

"By Sidney M. Ullman, Architect."

To the complaint defendant filed six pleas, which set up a breach of the contract by plaintiff in furnishing bad blocks and in failure to properly construct. Three

of these pleas may be classed as pleas of recoupment. A demurrer was sustained to the first plea, and overruled as to the other five. To these five pleas plaintiff filed six replications, setting up acceptance of work, waiver of plaintiff's breach, etc. To these replications defendant filed three rejoinders, one general and two specials, setting up a conditional acceptance under promise that plaintiff would make good the defects.

It is sufficient to say that the evidence of each party tended to prove the averments of each of the respective pleadings. At common law this would have been a very short and simple issue, though the pleadings are copious; that is, the one (and that only) raised by the rejoinders. But under our statute, both parties being allowed to plead double, the pleadings are very lengthy and often complicated, involving many issues, most of which are frequently immaterial. The present record is a splendid object lesson to illustrate the evils of double pleading. Here the defendant denies the complaint, then confesses it and avoids it. The plaintiff in turn denies the pleas, and confesses and avoids. Defendant, asserting the right of a woman determined on having the last say, rejoins by denying the replications, then admits and avoids. The plaintiff then asserts his right of opening and closing the pleadings, as well as the argument, so he rebuts, by denying the rejoinder, then admitting it and avoiding it. And thus the game of "tag" goes on, with each trying to trip the other, until the whole gamut of pleadings is run, or the nomenclature of the ancient pleader, the ingenuity of the modern, or the patience of the trial court is exhausted. What is said above is not intended by the writer as a criticism of the conduct of this particular trial, but to illustrate the evils of the statutory system of pleadings.

It is both evidently and concededly true that the bone of contention in the lower court, as in this, is the construction of the contract upon which the action is brought. Most all of the other questions depend more or less upon a proper decision of this question. The appellant (defendant below) contends that the contract is one to build the walls of a house, and must, therefore, be treated as a builder's contract. The appellee (plaintiff below) contends that it is a contract "whereby the appellee sold personal property, namely, cement block, to appellant, and agreed to put them up under the direction of appellant's architect," and hence that the law governing sales of chattels applies as to breaches of contract, measure of damages, etc. In this contention we agree with the appellant as to the character of the contract, but not to the full extent to which some of his argument goes, as to the necessary duties of both parties, and as to the measure of damages; nor do we agree with appellee as to its contention as to these matters.

The contract speaks for itself, and we think the language is too plain for argument; that it cannot be classed as a contract for the sale of a mere chattel. It is true that a part of it includes necessarily the sale or furnishing of concrete block, the building materials, by the appellee for the appellant; but it also contemplates the making of the blocks themselves of a particular kind of material, and the construction of the walls of appellant's house out of such blocks. So it is as strictly and certainly a builder's contract as if appellee had contracted to build the whole house and furnish the materials according to given stipulations; but, of course, the liability of the contractor, who undertakes to build a part only of a structure, is not, in all things and to the full extent, that of a contractor who undertakes to build the whole. The liability of each is measured and limited by

the obligations and duties either expressed in or implied from the contract of each particular case. The nature and character of the contract are the same in each case. A contract to build a house, by which the builder is to furnish the material, whether it be wood, brick, or stone, or other materials specified, would certainly not be classed as one for the sale of chattels; nor do we think that the limitation of a contract to the building of the walls out of concrete blocks, and the fact that the price is fixed at so much per block and so much for placing each in the wall, convert or change it from a builder's contract to one for the sale of a chattel.

The trial court, at the request of the plaintiff (appellee here), gave each of the following charges:

"I charge you that the defendant is not entitled to recover in this case, if you believe all the evidence."

"If the defendant accepted the work, or moved into the house and used the building, the defendant would be liable for the actual value of the work."

"The defendant is bound to pay the reasonable value of the work, if he accepted it and used it, whether it was in conformity to the contract or not."

"I charge you that if the plaintiff did the work on certain walls of the defendant's house, but the work was not such work as had been agreed on in the contract, then the defendant is bound to pay only the reasonable value of such work, if it was used and accepted by him, unless it appears that the work had been changed by direction of himself or agent."

"I charge you that if, when the plaintiff finished the cement block walls, as they did finish them, whether it was in accordance with their contract or not, the defendant had the right to have the walls in the condition he contracted for them, and to spend money, if necessary, to put them in that condition; defendant accepted

the walls and used them, and make no expenditures to have them placed in the condition for, then the defendant must pay the reasonable value of the walls when he accepted them."

The trial court refused to give, at the written request of the defendant, the following charge:

"I charge you, gentlemen of the jury, that a mere naked occupancy or use of a building erected on the land of the owner does not itself amount to an acceptance of the work as done in compliance with the contract, unless the possession and use be coupled with some act or some language from which acceptance or acquiescence may be reasonably inferred. The owner is not bound to remove the building or abstain from using it."

The ruling and action of the court as to some of these charges, if not as to all, was clearly error, under the evidence and pleadings as shown by this record. We agree with counsel for appellee that the case of *Davis v. Badders et al.*, 95 Ala. 348, 10 South. 425, is in point, and that many of the rules of law therein announced are applicable to the case at bar; but we cannot go with counsel to the point of holding that the case supports his contention, or supports the ruling of the trial court as to all the charges above set out.

As to the questions involved in these charges and applicable to this case, Justice Clopton expressly says that they are settled in this state, first, in the case of *Thomas v. Ellis*, 4 Ala. 108, and subsequently in the cases of *Merriweather v. Taylor*, 15 Ala. 735, *English v. Wilson*, 34 Ala. 201, and *Bell v. Teague*, 85 Ala. 211, 3 South 861, which cases have been subsequently followed, in a long line of unbroken decisions, down to and including that in the case of *Aarnes v. Windham*, 137 Ala. 513, 34 South 816. This last case was one very much like the

[Walstrom v. Oliver-Watts Construction Co.]

one at bar, so far as the issues and evidence are concern-
ed and quotes from *Davis v. Badders, Supra.* The court,
in the *Aarnes-Windham Case,* gave the general charge
for the plaintiff, the evidence and issues being very simi-
lar, if not practically the same. This court (Justice
Haralson writing the opinion) reversed and remanded
the cause on account of this erroneous ruling.

While the court in this case did not give the affirma-
tive charge for the plaintiff, it instructed the jury that
"the defendant was not entitled to recover if they be-
lived all the evidence," which was in effect the same. It
is true that the charge in the former case fixed the
amount of the verdict, but the decision was not based
upon that ground. Justice Haralson, after quoting at
length from the opinion in the *Davis-Badders Case,
Supra,* and from other authorities upon which it is based
says: "Under the plea of the general issue the defend-
ant was entitled to recoup the damages caused by the
workman's breach of contract in the performance of the
work. As to what constitutes acceptance of work done,
it is held that it may be express or implied from the con-
duct of the employer; that the mere naked occupancy or
use of a building erected on the land of the owner does
not, however, warrant an inference of acceptance of
the work as done in compliance with the contract, unless
the possession and use be coupled with some act or some
language from which acceptance or acquiescence may be
reasonably inferred, since the owner cannot divest him-
self of possession without surrendering a portion of his
freehold; that the owner is not bound to remove the
building, or abstain from using it, since, being attached
to his land, it becomes his property; and that part pay-
ment is not an acceptance, but only an acquiescence to
the extent of the payment.—6 Cyc. 67-69. Whether a
contract has been performed according to the terms, and

whether the fact of moving into and using the building amounts to an acceptance of the work as a full compliance on the part of the builder with his contract, are questions to be determined by trial and depending on all the circumstances of the case.—*Smith v. Brady*, 17 N. Y. 173, 72 Am. Dec. 442."

If what is said above was the law in the case then under consideration, it is certainly true and applicable in the case at bar. The contract sued on in that case is like that here in judgment, the evidence in that case was in nearly every particular like the evidence in this, and the trial court in that case had charged the jury to the same effect as in the case at bar. If the defendant in each of those cases was entitled to recoup under the general issue for plaintiff's failure to fully perform, and was not precluded because the defendant had taken possession of the house and occupied it, and thus received some benefit, then certainly this defendant should not, as a matter of law, be denied that right when he not only pleaded the general issue, but also pleaded recoupment specially.

If the jury had been allowed so to do in this case, under the evidence they might have found that the defendant had suffered damages on account of plaintiff's failure to perform the contract fully, and that the amount thereof was in excess of the balance due for the reasonable value of the materials furnished and work performed. in which event, under the plea of recoupment, defendant would have been entitled to a judgment for the excess. They might have found, under the issues and evidence in this case that acceptance of the work (if it was accepted by defendant) was conditioned upon or induced by plaintiff's promise (if they found it made such) that it would remedy the defects and make the job in all respects according to the contract, or it was

[Walstrom v. Oliver-Watts Construction Co.]

open for the jury to find, under these issues and evidence, that the mere occupancy of the premises by defendant, and failure to tear away the walls and rebuild, were not a waiver of his right to hold the plaintiff liable for the breach of the contract, if they found as a matter of fact it had breached it. But the charges of the court precluded nearly, if not all, of these inquiries, and were, for that reason, erroneous.

The decisions of this court above referred to, and text-book writers on the subjects and questions involved in this case, have made the law practically certain. As to building contracts, the contractor may sue on the contract when he can show that he has substantially performed his part, except as he may allege and prove a legal excuse of being prevented by the act of the other party, of God, or of the law. A substantial performance or compliance is in such cases considered sufficient. It would be illogical and unjust to allow a recovery of the contract price, when suing on the contract, without proof of performance on the part of the plaintiff; and partial performance is not sufficient. The undertaking must be performed fully. This is usually a condition precedent. In order to recover on a partial performance, the contractor may sue on a quantum meruit where the other party has permitted him, without objection or complaint, to do the work, but not in strict accordance with the contract, and has accepted the work and voluntarily appropriated his labor, or the result thereof, and derived a benefit therefrom. These are rights of the builder or contractor.

The owner of the building or structure to be made or erected also has correlative rights in the matter. If a contractor has failed to perform his part of the contract, or has performed it in a different manner from that provided by the contract, or abandons the works, the

owner can refuse to accept it, and require performance, before being liable on the contract price or a quantum meruit; but he may, by word or act, or by a failure to speak or act, accept the partial performance, or performance in a different manner, and thereby waive strict or full performance, and render himself liable on a quantum meruit, less such damages as he may sustain from the contractor's breach, but not for the contract price, unless so agreed, after breach on the part of the contractor. That which will make an owner liable on a quantum meruit, on a partial or incomplete performance on the part of the contractor, does not necessarily amount to a waiver of his right to recoup damages for the contractor's breach; and upon the whole he should certainly have such amount deducted from the contract price as will be equal to the difference between the value of the work agreed to be done, and that of the work done.—*Phillips v. Seymore,* 91 U. S. 646, 23 L. Ed. 341; *Farmer v. Francis,* 12 Ired. (N. C.) 282; *McGrath v. Horgan,* 72 App. Div. 152, 76 N. Y. Supp, 412; 6 Cyc. 67- 69; Suth. on Dam. pp. 2156-2158.

As said and quoted above, mere occupancy by the owner of the building erected on his own land, without more, does not justify the conclusion, or warrant the inference, of acceptance of the work as done in compliance with the contract. Nor do part payment and occupancy, without more, justify such inference or conclusion; nor is he precluded, by such occupancy, part payment, or liability on a quantum meruit, from showing defects in the performance and recovering damages therefor. An unauthorized or improper acceptance or approval of the work by an architect or superintendent will not be a waiver of the owner's right to recover damages of the contractor for failure to fully perform.—6 Cyc. 70; authorities supra. Where a builder or contractor relies

upon a quantum meruit, and there is a special contract, which was not wholly performed by him, he must show by a preponderance of the proof that the work done or material furnished was of the value claimed, over and above the damages resulting from the noncompliance with the contract on his part.—6 Cyc. 104.

On trial upon such issues, and under such evidence as appears from this record, it is a question for the jury, under proper instruction from the court, whether the contract has been substantially performed according to its terms, and the nature of the work, whether the building was accepted or not, whether the work was done in a reasonable time and with reasonable diligence, whether the builder is liable to the owner in damages for breaches of the contract, if there be a breach by him, and, if so liable, the amount thereof. The authorities above cited are uniform in holding that an owner, who has sustained injury by reason of a breach of the building contract on the part of the builder, may recover in a separate action against the builder, or if sued by the builder on a quantum meruit, that he may recoup or set off such damages as are the proximate result of the breach, the amount of which, as above stated, being the difference between the value of the work furnished or building constructed and the value of that contracted for, or the reasonable value of the extra work occasioned the owner in making the building conform to the contract stipulations.—6 Cyc. 113; Suth. on Damages, §§ 709-711.

What is said above in this opinion is not intended to conflict with the case of *Carbon Hill Co. v. Cunningham,* 153 Ala. 575, 44 South. 1016, and the cases cited; but it is in line with them. It was manifest error in the trial court to give and refuse the charges set out above.

As the case must be reversed and remanded, it is not necessary to pass upon the other assignments. What we have said in this opinion, we think, sufficiently passes upon and disposes of all questions material on this appeal.

Reversed and remanded.

SIMPSON, DENSON, and McCLELLAN, JJ., concur.