# R. D. Burnett Cigar Co. *v.* Art Wall Paper Co.

## *Assumpsit.*

(Decided Nov. 18, 1909. Rehearing denied Dec. 16, 1909. 51 South. 263.)

1. *Pleading; Recoupment; Set-off; Common Law.*—Pleas setting up defenses in bar of an action in whole or pro tanto, and setting off damages to defendant on account of plaintiff's breach of the contract to him, while not strictly speaking pleas in bar and set-off or common law pleas of recoupment, are pleas in recoupment authorized by the statute under which a defendant may have judgment over against plaintiff for the excess as at common law under plea of set off.

2. *Corporation; Contract; Contracting Through Agents.*—Corporations must contract through agents and where the action was against a corporation, an allegation that the contract was made by the defendant through its agents, did not render the complaint demurrable.

3. *Appeal and Error; Harmless Error; Pleading.*—Where there were special pleas setting up substantially the same facts and defenses, which if proven, would afford the same relief, and under

which all the evidence was introduced that could have been introduced under the special pleas to which demurrers were sustained, the sustaining of such demurrer was harmless error.

4. *Evidence; Writings; Identification.*—Evidence introduced to identify writings and not to prove their contents may be given concerning such papers either that they were copies or that both were original, the papers not then having been introduced in evidence.

5. *Same; Primary and Secondary; Carbon Copies.*—Where the contract was written and three carbon copies made. no question of primary or secondary evidence could arise. since each was an original until signed, and the copies signed became the contract, and if no changes were made the unsigned ones were copies without the signature.

6. *Same; Contracts; Copy of.*—Where interlineations had been made by defendant in his type-written copy of the contract, and the questions in dispute were whether the interlineations were made before or after execution, and whether the document with the interlineations or the one without them was the contract, each party is entitled to evidence to prove his theory.

7. *Same; Next Best Evidence.*—Where four type-written copies of the contract had been made and two of them were executed. both parties retaining one of the duplicates, and one of the parties showed loss of his copy that had been executed. the two unsigned copies were the next best evidence of the original if there had been no changes made before they were executed.

8. *Same.*—Although the general rule is that where contracts are executed in duplicate and one of the copies are lost the other is to be introduced as the original copy, this rule does not apply where it is shown that the other original copy had been changed by interlineations alleged to have been made after the contract had been executed.

9. *Alteration of Instrument; Interlineations; When Made; Jury Questions.*—Under the facts in this case ,the question as to whether or not there has been any interlineations made and as to when they were made, was for the determination of the jury.

10. *Contract; Substantial Performance.*—A contractor may sue upon a building contract when he can show a substantial compliance on his part.

11. *Same; Part Performance; Quantum Meruit; Recoupment.*—The fact that an owner has accepted a part performance so as to render himself liable on a quantum meruit does not necessarily amount to a waiver by him of his right to recoup damages for the breach of the contract, and he may have a deduction from the contract price equal to the difference between the value of the work agreed to be done and that done.

12. *Same; Part Performance; Waiver.*—Where a contractor fails to perform or performs in a manner different from that provided in the contract, or abandons the work, the owner can refuse to accept it and require performance before being liable on the contract, or on a quantum meruit; but the owner may by act or word. or by a failure to act or speak, accept the work. and thereby waive strict performance, thus rendering himself liable on a quantum me-

[R. D. Burnett Cigar Co. v. Art Wall Paper Co.]

ruit, less such damages as he may sustain from the contractor's breach; but not for the contract price, unless so agreed after breach by the contractor.

13. *Charge of Court; Covered by Those Given.*—Where written charges have been given covering substantially the same proposition asserted by written charges refused, the trial court will not be put in error for refusing the latter charge.

14. *Same; Ignoring Parts of Evidence.*—Charges which ignore parts of the evidence are properly refused.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by Art Wall Paper Company against R. D. Burnett Cigar Company and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Count 5 is as follows: "Plaintiff further claims of the defendant the sum of $1,500 as damages, to wit: That heretofore, to wit, April 17, 1906, plaintiff made to Messrs. Wheelock, Joy & Wheelock, Birmingham, Ala., who were then and there agents of defendant, and as such acting therein for and on behalf of said defendant, a proposition in words and figures as follows: (Here follows proposition to paper certain named rooms with 20 cent paper, other named rooms with 15 cent paper, also bathrooms with said paper, and certain other named rooms with 10 cent paper, on the second, third, and fourth floors of the Florence Hotel; the specifications being as to the side walls, the ceiling to be finished as described in the proposition, together with certain chair rail and picture moulding; the total work to be done for the sum of $1,325.) Which said proposition plaintiff avers the said Wheelock, Joy & Wheelock, who as such agents were then and there acting for and on behalf of the defendant, and as such agents thereunto duly authorized, accepted. And the plaintiff avers that he thereupon entered upon and began the execution of said proposition as thus accepted, and was executing the same in strict compliance with all its

terms and conditions, when the said defendant wrongfully forbade and prohibited the plaintiff from further executing said accepted proposition or contract, by wrongfully stopping plaintiff's employes when working, through whom plaintiff was executing said proposition and contract, from prosecuting the work provided for in said proposition or contract. And the plaintiff avers that he was at all times ready, able, and willing to perform and complete said work provided for in said proposition or contract, but that the defendant wrongfully prohibited the plaintiff from doing so, wrongfully excluded the plaintiff and his said employes and workmen from said Florence Hotel building, and in violation of the plaintiff's rights in the premises wrongfully procured other parties to finish the execution of said proposition, and the work therein provided for, all to plaintiff's damage," etc.

Count 6 was practically the same as count 5.

Count 7.: "Plaintiff further claims of the defendant the sum of $1,500 damages for the breach by the said defendant of an agreement made and entered into by and between the plaintiff and defendant on, to wit, the 17th day of April, 1906, whereby the plaintiff, for the sum of $1,325, agreed to do for the defendant the following wall paper work on the second, third, and fourth floors of the Florence Hotel in the city of Birmingham: (Here follows proposition as set out in count 5.) And plaintiff avers that he thereafter entered upon and began the performance and execution of said agreement in strict compliance with all the terms and conditions thereof, when the defendant breached the same in this: The defendant prohibited and prevented the plaintiff from a full performance and completion of said agreement by prohibiting plaintiff and its said employes to further perform and execute the work provided for in

said agreement, although the plaintiff avers that he was at all times ready, able, and willing to perform and complete said work in strict compliance with all the terms and conditions of said agreement."

The demurrers to counts 5 and 6 seek to raise the proposition that the complaint shows that the contract was made with Messrs. Wheelock, Joy & Wheelock, and not with this defendant, and that they failed to show any cause of action against the defendant. The pleas were: The general issue, payment in full before suit, the voluntary abandonment by the plaintiff of the contract, and certain pleas of recoupment.

Charges 6 and 7 refused to the defendant, were as follows:

"(6) The court charges the jury that if the evidence reasonably satisfies them that there was an express contract between plaintiff and the defendant for doing the wall paper work in certain parts of the Florence Hotel, as shown by the contract, then the plaintiff is not entitled to recover under the common counts for an account due, and for merchandise, goods, and chattels sold, and for money paid by plaintiff for the defendant, and for work and labor done, or upon any of them, except what may be due, if anything, for the extra work done and extra materials furnished by the plaintiff, unless the evidence also reasonably satisfies the jury that the plaintiff complied with the terms of the contract, or that the defendant accepted the work as done. And the court further charges the jury that the mere accupancy or use of said hotel, or the part thereof where said work was done, does not warrant an inference of the acceptance of the work as done in compliance with the contract, unless the possession or use thereof was coupled with some act or language on the part of defendant from which said acceptance may be reasonably

inferred; and the court further charges the jury that the burden of proving that said work was done by the plaintiff in compliance with the terms of said contract, or that said work was accepted by defendant, is upon the plaintiff, and, unless the plaintiff proved one or the other to the reasonable satisfaction of the jury, then the jury must find for the defendant, except as to any extra work done or material furnished by plaintiff, if any.

"(7) The court charges the jury that, except as to the extra work done and extra materials furnished by plaintiff, if any, the plaintiff is not entitled to recover upon any of the common counts for money due on accounts, or for merchandise, goods, and chattels sold, or for money paid for the defendant, or for work and labor done, or upon any one of them, unless the evidence reasonably satisfies the minds of the jury that either the plaintiff complied with the undertakings of the contract on his part or that the defendant accepted the work as done. The burden of proving one of these facts to the reasonable satisfaction of the jury is upon the plaintiff. If the evidence does not so satisfy the minds of the jury that plaintiff complied with his part of the said contract, but they find that the defendant nevertheless accepted the work as done, then the plaintiff is entitled to recover for the work done and materials furnished, outside of the extra work done and extra materials furnished, only their actual value, less payment, if any, made to plaintiff thereon by defendant, and interest on such excess from the time the same was being used."

TILLMAN, GRUBB, BRADLEY & MORROW, and M. M. BALDWIN, for appellant.—The court erred in overruling demurrers to the 5th, 6th and 7th counts.—*Brown v. Com. F. I. Co.*, 86 Ala. 194; *May v. Kelly*, 27 Ala. 497; *Childress v. Miller*, 4 Ala. 447. The court erred in sus-

taining demurrers to the 4th, 5th and 6th pleas.—*Corpening v. Worthington,* 99 Ala. 541; *Brush Elec. Co. v. City Council,* 114 Ala. 433; *Amer. Oak Extract Co. v. Ryan,* 112 Ala. 446; 6 Ency. P. & P. 300, and Alabama cases there cited. The court erred in permitting secondary evidence as to the executed copies of the contract.—*A. G. S. v. Mt. Vernon Co.,* 84 Ala. 173. The court also erred in permitting copy of the contract to be introduced.—*A. G. S. v. Mt. Vernon Co., supra;* 10 A. & E. Ency. of Law, 318; 1 Greenl., Sec. 558. The court should have excluded Adam's testimony with reference to the contract.—*Edisto Phosphate Co. v. Stanford,* 112 Ala. 495. Proof of execution of the contract was necessary before the testimony of Short was admissible.—*Potts v. Coleman,* 80 Ala. 94. The copy of the contract attached to Short's deposition was not competent until the three executed contracts had been accounted for either as lost or destroyed.—*A. G. S. v. Vernon. supra;* 17 Cyc. 517. The court erred in permitting the witness Short to state whether any actual work was done by plaintiff at defendant's request not provided for in the contract.—*LaFayette Ry. Co. v. Tucker,* 124 Ala. 519; 30 A. & E. Ency. of Law, 1272. The court erred in giving charge 2 at the request of the plaintiff. —*Wellman v. Jones,* 124 Ala. 580. On the same authority, charge 3 should not have been given. The court erred in refusing to defendant charges 6 and 7.—*Aarnes v. Wyndham,* 137 Ala. 513.

J. T. GLOVER, for appellee.—Counsel insist that complaint was not subject to demurrers, but cites no authority thereto. The court did not err in sustaining demurrers to pleas 4, 5 and 6.— *L. & N. v. Hine,* 25 South. 857. The contract was prepared on the typewriter and four copies were made, two of which were executed and

a dupicate retained by each of the parties. Hence, any one of them was admissible in evidence without accounting for the others.—*Westbrook v. Fulton,* 79 Ala. 510; 17 Cyc. 517. Charges given at plaintiff's request were properly given.—*Higgins v. Pearson,* 40 South. 579; *Hall v. Gunter,* 47 South. 155; *Carbon Hill Co. v. Cunningham,* 44 South. 1016; *Henderson v. Cook,* 42 South. 838.

MAYFIELD, J.—The complaint contained seven counts; the first four being the common counts, and the last three special counts, for the breach of contract to paper the second, third, and fourth floors of the Florence Hotel, of Birmingham, Ala. Demurrers were interposed to each count of the complaint. The defendants interposed the plea of general issue to each count, and special pleas to the special counts. The special pleas were all in the nature of pleas of recoupment. Some were claimed to be pleas in bar and set-off; but they were not such, strictly speaking. While each attempted to set up a defense which was in bar of the action in the whole or in part, and attempted to set off damages suffered by defendants from plaintiff's alleged breach of the contract sued on, they were all, strictly speaking, pleas of recoupment, and under our statute, which authorizes it, seek a judgment over against plaintiff for the excess. Without this statute, pleas of recoupment were purely defensive and in bar pro tanto; but under the statute the defendant may have a judgment for the excess, just as, at common law, he could have had under a plea of set-off.

The special pleas in substance set up that the plaintiff unnecessarily delayed the work, and did not proceed with promptness and celerity to complete the work as it had contracted to do, but instead delayed the work

so long that defendants, to protect themselves from loss, notified plaintiff, through the architect in charge, that if plaintiff did not proceed to do the work defendants would have to employ other workmen to complete same, and that plaintiff continued to so delay the work that defendants did employ other workmen to complete the work which plaintiff had contracted to do, and that defendants seek to recoup the damages caused by plaintiff's delay and failure to complete, including the cost of the labor of the other workmen and that of the other material used in completing plaintiff's contract. Some of the pleas alleged that plaintiff was not using proper materials and not doing the work in a workmanlike manner in accordance with the provisions of the contract, and that in consequence thereof the defendants employed other workmen to complete the work, and see'l. to recover damages in consequence thereof. Demurrers were sustained as to the fourth, fifth, and sixth pleas, and a trial was had upon the others, resulting in verdict and judgment for plaintiff, from which defendants appeal.

It is first insisted that the court erred in overruling demurrers to the fifth, sixth, and seventh counts of the complaint, in that the counts fail to sufficiently set forth a contract between plaintiff and defendants which would support the action. It is claimed that the counts, at most, show only a contract between plaintiff and third parties, alleged to be agents of defendants, and fail to allege that it bound defendants, or even attempted to bind them. In this counsel are in error. Each count clearly and specifically alleges a contract between plaintiff and defendants, and not between plaintiff and third parties. It is immaterial that the counts allege that the contract was made by the defendants through their authorized agents. All corporations must contract in this way.

[R. D. Burnett Cigar Co. v. Art Wall Paper Co.]

It is unnecessary to decide whether or not the court erred in sustaining demurrers to certain of the defendants' special pleas. If error (though we see none), it was without possible injury, because there were other special pleas setting up substantially the same state of facts, and the same defenses attempted in these. All the evidence was introduced under the other special pleas which could have been introduced under these, and, if proven, they would and could only afford the same (not more or different) relief as would have been authorized if the trial had been on all the pleas interposed. No possible injury could come of sustaining the demurrers to these pleas. The matters stated in the pleas to which demurrers were sustained were but repetitions of the matters stated in the other pleas, those as to which demurrers were overruled.

There was no error on the trial in the rulings as to the evidence. The witness on the stand was properly allowed to state that two given papers were copies one of the other, or that both were originals. The papers at that time had not been offered in evidence. The evidence was introduced merely to identify or describe the two papers. It was not an attempt to prove the contents of either. All the papers were subsequently introduced in evidence, some by plaintiff and some by defendants, and we see no error in the introduction of any.

The contract in question was prepared in writing, in quadruple form. It was typewritten, with three carbon copies. There was, therefore, no question as to primary and secondary evidence. Each was necessarily a copy of the other, and each was the original of the others until signed. Of course, those that were signed became the contract, and, if no changes were made in any, those not signed were only copies of those signed, with

the signatures of the parties wanting.—*Westbrook v. Fulton*, 79 Ala. 510; 17 Cyc. 517.

One of these copies appeared to have been changed by erasures and by interlineations shown to have been made by Burnett after they were prepared—whether before or after execution was disputed, and whether the typewritten document with, or that without, the interlineations constituted the contract was one of the disputed questions; the plaintiff claiming that the interlineations were not a part of the contract, and the defendants that they were. Each was therefore properly allowed to introduce evidence competent and relevant to prove his theory; and as defendants were claiming under the interlineation it was certainly proper and admissible for plaintiff to disprove this by competent evidence, if it could. Plaintiff offered no evidence not competent or relevant for this purpose.

The contract was executed in duplicate; that is, two of the four prepared copies were signed, each party retaining one of the duplicates. The plaintiff showed loss of the copy kept by it, and one of the other two copies, not signed, was therefore the next best evidence of the original, if there were no changes nor interlineations made before it was executed. As to whether these changes were made before or after the contract was executed was disputed, and it was a question for the jury to say which line or theory of it they would believe. The plaintiff's executed duplicate being lost, it was not absolutely bound by defendants' copy, which showed interlineations and changes which plaintiff denied were parts of the contract.

Appellants contend that, plaintiff's copy of the contract having been lost, the other copy held by defendants should have been introduced, instead of the copy offered and otherwise identified as a true and correct

copy of the original, which was shown to have been lost. This might be true, as a general rule of evidence, but not in this particular case, where it was shown and admitted that the one held by defendants had been changed by interlineations, and materially changed, from the copy held by plaintiff, which was lost, and (as claimed by plaintiff though denied by defendants ) changed after the contract was executed.

While defendants' copy was admissible to prove their theory, and it was introduced in evidence with defendants' explanation as to the interlineations, it was not conclusive, and did not render the carbon copy offered in evidence inadmissible, it being identical with that of defendants except as to the interlineations; and defendants did not contend that they ever made any interlineations as to the copy held by plaintiff and which was lost. None of the rulings were erroneous to the injury of defendants.

The work was not wholly completed by plaintiff in accordance with the contract. The plaintiff claims that the defendants refused to allow it to complete the contract, for that it would not comply with the provisions inserted in the contract by the interlineations, and for that, whereas, as claimed, the paper was to be furnished to defendants at cost price, plaintiff would not furnish the invoices of the cost price of the paper furnished —plaintiff claiming that these conditions were superadded by defendants after the contract was executed, and without its knowledge or consent, and that they were no part of the contract. The defendants, on the other hand, claimed that these provisions were in the contract before it was executed, and were therefore agreed upon, and further claimed that they never prevented plaintiff from completing the contract, but, on the other hand, that plaintiff, without cause or excuse,

[R. D. Burnett Cigar Co. v. Art Wall Paper Co.]

failed and refused to complete its contract, and that in consequence defendants had to employ others, at great cost and damage, to complete the work, and that the work done was not in accordance with the provisions of the contract. The plaintiff, however, did a great part of the work, which was accepted by defendants, much of it without complaint; while some, it appears, was not accepted, but was done over by other workmen employed by defendants to complete the job.

The law applicable to all the other issues in this case raised by the charges of the court, given and refused, has been several times declared by this court, and many, if not all, of the authorities on the subject of builders' contracts have been subjected to review. In the last case by the court on this subject (*Walstrom v. Oliver-Watts Co.*, 161 Ala. 608, 50 South. 49), after citing and reviewing the authorities on the subject, we said: "The decisions of this court, above referred to, and text-book writers on the subjects and questions involved in this case, have made the law practically certain. As to building contracts, the contractor may sue on the contract when he can show that he has substantially performed his part, except as he may allege and prove a legal excuse of being prevented by the act of the other party, of God, or of the law. A substantial performance or compliance is in such cases considered sufficient. It would be illogical and unjust to allow a recovery of the contract price, when suing on the contract, without proof of performance on the part of the plaintiff; and partial performance is not sufficient. The undertaking must be performed fully. This is usually a condition precedent. In order to recover on a partial performance, the contractor may sue on a quantum meruit where the other party had permitted him, without objection or complaint, to do the work, but not in strict accordance with

the contract, and has accepted the work and voluntarily appropriated his labor, or the result thereof, and derived a benefit therefrom. These are rights of the builder or contractor. "The owner of the building or structure to be made or erected also has correlative rights in the matter. If a contractor has failed to perform his part of the contract, or has performed it in a different manner from that provided by the contract, or abandons the work, the owner can refuse to accept it, and require performance, before being liable on the contract price or a quantum meruit; but he may by word or act, or by a failure to speak or act, accept the partial performance, or performance in a different manner, and thereby waive strict or full performance, and render himself liable on a quantum meruit, less such damages as he may sustain from the contractor's breach, but not for the contract price, unless so agreed, after breach on the part of the contractor. That which will make an owner liable on a quantum meruit, on a partial or incomplete performance on the part of the contractor, does not necessarily amount to a waiver of his right to recoup damages for the contractor's breach; and upon the whole he should certainly have such amount deducted from the contract price as will be equal to the difference between the value of the work agreed to be done, and that of the work done.—*Phillips v. Seymour*, 91 U. S. 646, 23 L. Ed. 341; *Farmer v. Francis*, 34 N. C. 282; *McGrath v. Horgan*, 72 App. Div. 152, 76 N. Y. Supp. 412; 6 Cyc. 67-69; Suth. on Dam. pp. 2156-2158."

The trial court charged the law in accordance with the decisions of this court, and if any one of the numerous charges given at plaintiff's request, or voluntarily by the court, was open to explanation, it was sufficiently explained by the subsequent charges given by the court at the request of the defendants. The court certainly

[Hudgens v. Creola Lumber Co.]

charged the jury upon the law favorably to the theories of the defendants as they had a right to have it, and charged it at their own request in writing. None of the charges refused to the defendants were free from error or misleading tendencies, and, besides, the court had given charges at defendants' request involving the same propositions of law attempted to be repeated in these refused charges. The case seems to have been fairly tried in accordance with the law and under the issues involved. The material issues in the case were disputed. The jury found them against the defendants, and we find no reversible error in the record.

The judgment is affirmed.

Affirmed.

### ON APPLICATION FOR REHEARING.

PER CURIAM.—Charges 6 and 7, if for no other reason, were properly refused because they ignore parts of the evidence tending to show that defendants prevented plaintiff from performing the contract.

DOWDELL, C. J., and SIMPSON, and McCLELLAN, JJ., concur.