# Williams *v.* Lay.

### *Assumpsit.*

(Decided December 4, 1913.   63 South. 792.)

1. *Witnesses; Examination; Cross.*—Where the action was assumpsit the defense was set-off, and the plaintiff replied that he had not been allowed all credits on the account to which he was entitled, a question to defendant on cross-examination as to how much cotton he got from the plaintiff in 1911 was not objectionable on the ground that the 1911 cotton was received after suit was brought on September 28, 1911, although plaintiff admitted that the crop for that year had not been gathered; the court not being authorized to assume that defendant, during 1911, and prior to the institution of the suit, had not received cotton other than that grown on his land, the price or value of which plaintiff was entitled to have credited on his account.

2. *Charge of Court; Applicability to Evidence.*—Where there was evidence that at least a part of the amount sought to be recovered by plaintiff was due him for work done during the year 1911, before the suit was brought, a charge asserting that plaintiff was not entitled to recover for anything charged against defendant for that year was properly refused.

3. *Same.*—Where the evidence entitled plaintiff to recover at least a part of his claim for work and labor furnished defendant during the year 1911, a charge asserting that unless the jury were satisfied that plaintiff's account against defendant for the year 1910, was greater than defendant's account for 1910-11, they could not find a verdict for plaintiff, was properly refused.

4. *Work and Labor; Contract.*—Where certain work on a shed was done by plaintiff under a contract which called for the covering of a house in addition to the work done on a shed, but there was evidence also that defendant waived compliance by plaintiff of his undertaking to cover the house by giving that part of the work to another, plaintiff was entitled to recover the reasonable value of the work done by him on the shed.

APPEAL from Franklin Circuit Court.

Heard before Hon. C. P. ALMON.

Assumpsit by R. H. Lay against S. T. Williams. Judgment for plaintiff, and defendant appeals. Affirmed.

The following are the charges referred to in the opinion.

"(6) I charge you that under the evidence in this case Lay cannot recover for anything charged against Williams for the year 1911.

"(7) Unless you are satisfied from the evidence that Lay's account against Williams for the year 1910 is greater than Williams' account against Lay for 1910-11, you cannot find a verdict for Lay.

"(8) I charge you that under the evidence in this case that Lay is not entitled to anything for working on the shed by the house testified about."

W. H. KEY, and CHENAULT & CHENAULT, for appellant. Counsel discuss errors assigned, but without citation of authority.

WILLIAMS & JONES, for appellee. Counsel discuss errors assigned, but without citation of authority.

WALKER, P. J.—To the plaintiff's complaint containing the common counts the defendant pleaded the general issue and a special plea, which averred that at the time of the commencement of the suit the plaintiff was indebted to the defendant in a stated sum, after allowing all credits and payments, which was offered to be set off against the demand of the plaintiff, and claimed judgment for the excess. This special plea the defendant sought to support by his own testimony as to an account in his favor against the plaintiff. In the course of his cross-examination it was sought to be

shown that he had not allowed credits on that account to which the plaintiff was entitled. In this connection he was asked how much cotton he got from the plaintiff in 1911. This question was objected to, on the ground that 1911 cotton was received after this suit was brought. Though the suit was brought on September 28, 1911, and though the plaintiff in his testimony had admitted that at that time the crop made by him during that year on the defendant's land had not been gathered, yet it was not for the court, in ruling on the objection to the question, to assume that the defendant, during the year 1911, and prior to the institution of this suit, had not received cotton other than that grown on his land, the price or value of which the plaintiff was entitled to have credited on the defendant's account against him as it existed at the time this suit was brought. The inquiry was a general one, broad enough in its terms to apply to cotton that may have been received by the defendant during 1911 prior to the date of the institution of the suit, and which was not grown that year, or on the defendant's land. The defendant's answer to the question showed that he did receive cotton during that year, but did not disclose that it was part of the crop grown on his land by the plaintiff during that year, or that it was received after this suit was brought. Assuming that the plaintiff was not entitled to prove payments made on the account against him after the suit was brought, yet the court is not chargeable with error for its rulings in this connection, as it was not made to appear to it that the testimony which was called for and elicited by the questions objected to was in reference to matters which occurred after the suit was brought. A court is not required to sustain an objection to a question a responsive answer to which may be admissible testimony.

In reference to the work which the plaintiff claimed that he did for the defendant during the year 1911 he testified that there was no contract or agreement between them as to when it was to be paid for, but that the indebtedness therefor was due and payable at the time the suit was brought. It is true that in the course of his cross-examination he stated that it was understood by him and the defendant that the work would be paid for in the fall, when they made a settlement after the crops had been gathered; but he also stated in his cross-examination that there was no agreement as to when the work was to be paid for. His testimony as a whole was such that the jury might have found from it that there was no agreement entitling the defendant to postpone payment for work done for him by the plaintiff until they should have a settlement after the crop had been gathered, and that the plaintiff's statement as to his understanding that he would be paid after the crop had been gathered indicated his expectation as to when he would probably realize on his claim, rather than an agreement that it was not to be due and payable when the work was done. As there was evidence tending to prove that part of the amount sought to be recovered by the plaintiff was due to him when the suit was brought for work done by him and charged against the defendant during the year 1911, the charge referred to in the sixth assignment of error was properly refused.

The written charge referred to in the seventh assignment of error was properly refused, as the effect of it was to exclude from the consideration of the jury, on the inquiry as to the amount due to the plaintiff, the evdence tending to prove what was due to him for work done by him for the defendant during the year 1911.

There was evidence under which the plaintiff was entitled to recover for work done by him on the shed men-

[Roy v. Louisville & Nashville Railroad Company.]

tioned in the charge referred to in the eighth assignment of error. While the evidence was to the effect that this work was done under a contract which also called for the covering of a house by him, it also tended to prove that the defendant accepted the work done on the shed alone, and waived a compliance by the plaintiff with his undertaking to cover the house by giving that part of the work to another. On such a state of facts the plaintiff was entitled to recover the reasonable value of the work done by him on the shed.—*Davis v. Badders & Britt,* 95 Ala. 348, 10 South. 422; *R. D. Burnett Cigar Co. v. Art Wall Paper Co.,* 164 Ala. 547, 51 South. 263. It follows that the last-mentioned charge was properly refused.

What has been said disposes of the assignments of error which counsel for the appellant have sought to sustain by argument.

Affirmed.