(108 So. 643)

## LEVINE v. SLAUGHTER. (6 Div. 796.)

(Court of Appeals of Alabama. May 18, 1926.)

**1. Appeal and error ☞1078(1).**

Assignments of error not insisted on in argument will be considered waived.

**2. Appeal and error ☞263(1).**

Criticisms of portions of court's oral charge will not be considered on appeal, where no exceptions were reserved thereto at time of its deliverance.

**3. Witnesses ☞255(2)—Invoices covering materials furnished held properly allowed in evidence to refresh recollection of plaintiff, who was testifying as witness.**

In action for money due for work and labor, invoices covering materials furnished *held* properly allowed in evidence to refresh recollection of plaintiff, who was testifying as witness.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by M. Slaughter against Ida Levine. From a judgment for plaintiff, defendant appeals. Affirmed.

The complaint claims a sum of money due for work and labor done by plaintiff for the defendant at her special instance and request and under a contract between plaintiff and defendant in the improvement and repair of a certain dwelling house belonging to defendant, which said work and labor were done and material furnished by plaintiff.

On the trial invoices purporting to cover materials furnished were introduced by plaintiff for the stated purpose of being used to refresh the recollection of plaintiff, who was testifying as a witness.

Charlton & Charlton, of Birmingham, for appellant.

A witness is not entitled to refresh his recollection from memoranda made by another than himself, and of the contents of which he has no independent recollection. Acklen v. Hickman, 63 Ala. 494, 35 Am. Rep. 54; Singleton v. Doe, 184 Ala. 199, 63 So. 949; Deal v. Hubert, 209 Ala. 18, 95 So. 349; Wellman v. Jones, 124 Ala. 580, 27 So. 416.

Leader & Ullman, of Birmingham, for appellee.

There was no error in allowing the witness to refresh his recollection from the invoices. Acklen v. Hickman, 63 Ala. 494, 35 Am. Rep. 54; Calloway v. Varner, 77 Ala. 541, 54 Am. Rep. 78; Anderson v. English, 121 Ala. 275, 25 So. 748.

RICE, J. Appellee in a suit brought, in a complaint consisting of a single count, for work and labor done for appellant at her special instance and request, had judgment in the court below.

[1] We deem a detailed discussion of the evidence unnecessary. A rather large number of assignments of error are made on this appeal, but not a few of them are not insisted upon in argument, and will be considered waived.

[2] The trial court seems to have covered fully and accurately the law applicable to the issues involved in its oral charge, and no exceptions being reserved to same at the time of its deliverance, criticisms of portions thereof will not now be considered.

Appellant's refused charges, where referred to in argument in a way to require consideration here, have each been examined, and we find no error in the refusal of any one of them. Walstrom v. Oliver Watts Construction Co., 161 Ala. 608, 50 So. 46. The matters, in so far as correct, contained in each of them, were fully covered by the trial court's oral charge, anyway.

[3] Invoices identified by plaintiff were properly allowed in evidence for the purpose offered. Acklen v. Hickman, 63 Ala. 494, 35 Am. Rep. 54.

The motion for a new trial was properly overruled. Catanzano v. Jackson, 198 Ala. 302, 73 So. 510; Burnett Cigar Co. v. Art Wall Paper Co., 164 Ala. 547, 51 So. 263.

The case seems to have been carefully and fairly tried, and the issues submitted to the jury under proper instructions.

We find nowhere any prejudicial error, and the judgment is affirmed.

Affirmed.